14153

BERGER v. LEXINGTON LUMBER CO. *ET AL.*

(182 S. E., 156)

*Messrs. D. M. Winter, James Y. Perry* and *Hiott & Hiott,* for appellant,

*Messrs. William C. Wolfe, L. Marion Gressette* and *Julian S. Wolfe,* for respondent,

November 1, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Plaintiff brought his action against Lexington Lumber Company and C. S. Shealy, K. C. Shealy, and E. R. Shealy, alleging "that the defendants, acting jointly as well as severally and concurrently, willfully, and with force and arms entered upon said premises (plaintiff's land) and cut down

and removed the said timber, converting the same to their own use and purposes."

The defendant, the lumber company, for answer set up a general denial; the defendants, the Shealys, for answer set up a general denial, and C. S. Shealy interposed a counter-claim.

The case was tried by Judge Ramage and a jury, and resulted in a verdict for the plaintiff in the sum of $2,500.00. Plaintiff had sought to recover $5,000.00.

At the appropriate time a motion for nonsuit was made on behalf of the lumber company, which motion was refused. At the conclusion of all the testimony a motion for directed verdict on behalf of all the defendants as to punitive damages, and as to the lumber company on the whole case, was made and refused. After verdict rendered, a motion for new trial was made and refused.

This appeal followed on behalf of the lumber company; the Shealys did not appeal.

There are numerous exceptions. Appellant's counsel, however, treat them in their argument under three heads:

(1) Relates to the admissibility of the testimony of Lindsey, with the plaintiff.

(2) Relates to the denial of the motion for directed verdict in favor of appellant.

(3) Relates to the denial of the motion for new trial *nisi*.

The cardinal question made by this appeal is made by Ground 1 of the "Grounds of Motion for a New Trial," which is in the following language: "That there is no testimony or evidence of any nature in the record to show that Lexington Lumber Company trespassed upon or did any damage to the property of the defendant. The error in regard to this proposition of law being, A. That the trial Judge erred in refusing to grant the motion for non suit in favor of this defendant. B. That the trial Judge erred in refusing to direct a verdict in favor of this defendant. C. The

trial Judge erred in submitting to the jury the question of damages against this defendant, the suit being brought against the two defendants as tort feasors and for several torts in entering upon and doing damage to plaintiff's property."

The action is one for the willful entering upon the land of the plaintiff, and the damage done thereon by cutting and removing the trees therefrom and converting them to their own use. The allegations of the complaint are appropriate to an action in *quare clausum fregit.*

"The language of the declaration in this form of action is that the defendant, with force and arms, broke and entered the close of the plaintiff." Black's Law Dictionary (3d Ed.), p. 1476.

It is an action for compensation by way of damages for violation of plaintiff's possession. *Johnson v. McIlwain,* Rice, 368, 375. To recover in this action it was necessary for plaintiff to prove that the defendants jointly and severally, with force and arms, broke and entered the plaintiff's close and did the damage set out in the complaint.

We may dismiss without much ado the contention that the appellant severally (individually) with force and arms entered upon plaintiff's land. If the statement of Lindsey be held to have been properly admitted in evidence, it falls far short of proving that, even if Byrd at one time went to the swamp from whence the logs came and which the mill was buying from Shealy, he knew that the land was the property of Berger and that Shealy was a trespasser thereon.

Does the evidence show, or may the inference be reasonably deduced therefrom, that there was a joint trespass or tort by Shealy and the lumber company through Shealy's action as the agent of the lumber company? A painstaking examination of the record fails to disclose such evidence.

Mr. Berger, the plaintiff, saw some logs from his land on the premises of the mill and was told that other such logs had been sawed by the mill. The evidence of Sheriff Hill goes no further than to prove that he saw such logs, and that other logs had been used and paid for by the mill before Thansksgiving Day, and that he had been informed by an officer of the lumber company that they had bought logs from Shealy, after being informed that they came from plaintiff's land, and after being forbidden to use them. The proof of such action by the Lexington Lumber Company might be sufficient to render that company liable in an action in trover and conversion, but it utterly fails to show that Shealy was the agent of the lumber company in the unlawful entry upon the lands of plaintiff and the removal of his timber therefrom.

It is true that if the Lexington Lumber Company was cognizant of the trespass and unlawful entry by Shealy, and encouraged it, advised it, aided and abetted in it, it would be liable as a joint tort-feasor. But there is no particle of evidence that it had knowledge of the trespass, nor that it aided and abetted in the committing of it. The mere buying in open market of the logs cut by Shealy off of this land is not sufficient. We think it would be an unreasonable rule to lay down that one must satisfy himself of the title of the seller of every article he buys in open market. It is true that one who thus buys lays himself open to the liability of surrendering the article, or accounting for its value, if the seller had no title to it. But the purchaser does not subject himself to an action for damages of the nature of the one here before the Court, unless there is proof of his connection with, or knowledge of, the unlawful manner by which the seller came into possession of the property. To hold that the Lexington Lumber Company was a joint tort-feasor with Shealy there must be proof "that there was co-operation and concert of action between them." 63 Corpus Juris, 935.

Proof that the lumber company bought of Shealy in open

market logs which Shealy had removed unlawfully from Berger's land is not of itself sufficient, without proof that the lumber company knew of, and connived, at such unlawful conduct on the part of Shealy. There is no particle of evidence to besmirch the reputation for fair dealing and honesty of the lumber company, and the law does not presume that an act is one of dishonesty; on the contrary, it presumes that an act is an honest one until there is proof of the strongest nature to the contrary.

"Wigg was appointed trustee to preserve the contingent remainder. It was his primary duty to preserve the estate in remainder from being defeated or destroyed, and to combine with the tenant to accomplish that purpose, would be, legally, a clear breach of trust; and, morally, a breach of confidence. *Nothing dishonest or base is to be presumed in law; all presumptions are innocent and rightful."* (Italics added.) *Habersham v. Hopkins,* 4 Strob., 238, 53 Am. Dec., 676.

"One who merely sells property to which he has no title is not liable for trespass committed by his vendee. Thus a seller of timber is not liable for the trespasses of the buyer in cutting trees not sold, or trees on the lands of another, if he did not participate in the trespass himself or authorize it to be done." 63 Corpus Juris, 934, 935, § 77.

*A priori,* if one buy timber from one who has obtained it by trespass upon the lands of another, the buyer is not liable unless he participated in the trespass or authorized it to be done.

"The general rule is that all who wrongfully contribute to a trespass, or assent to its commission or connive therein, or who aid, abet, assist or advise a trespasser in committing a trespass are equally liable with the one who does the act complained of. *It is essential, however, that there be some co-operation and concert of action between them. It is not enough that the defendants were present and together at the time the trespass was committed; and to render liable as*

*Joint trespassers those who did not actively participate in the commission of the trespass, it must appear that they did something by way of encouragement, advice or suggestion, which led or helped to lead to the commission of the trespass.*" (Italics added.) 63 Corpus Juris, 935, 936, § 80.

Measured by this rule there is an utter absence of evidence to connect the lumber company with the commission of this trespass as a joint tort-feasor.

It was, therefore, error not to grant the motion for directed verdict in favor of this appellant on the whole case. The judgment below is reversed as to Lexington Lumber Company, with direction to enter verdict for that defendant under Rule 27.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.