15583

JOHN DEERE PLOW COMPANY OF ST. LOUIS v.
L. D. JENNINGS, INC.

(27 S. E. (2d), 571)

April, 1943.

*Mr. Shepard K. Nash,* of Sumter, S. C., Counsel for Appellant,

*Mr. Raymon Schwartz* and *Mr. A. S. Merrimon,* both of Sumter, S. C., Counsel for Respondent,

November 8, 1943.

CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, delivered the unanimous Opinion of the Court:

The sole question involved in this appeal is: Does the holder of a past due purchase money chattel mortgage have the right to attach the mortgaged property in a suit for the debt, under Section 546 of the Code?

The respondent, L. D. Jennings, Inc., gave three chattel mortgages to Max Traub & Son to secure the purchase price of certain farm machinery, and the mortgages were assigned before maturity to the appellant, The John Deere Plow Company of St. Louis, which succeeded to the rights of the original holder. 14 C. J. S., Chattel Mortgages, §§ 319, 324, pp. 964, 970.

The mortgages being past due, the appellant brought an action for the purchase price, and attached the property un-

der Section 546 of the Code. The respondent thereupon moved before his Honor, Judge Philip H. Stoll, for an order dissolving the attachment. This motion was granted, and the plaintiff has appealed.

When the conditions of the mortgages were broken by failure to pay the debt at maturity, under the well-settled law of South Carolina the title to the property became vested in the holder of the mortgages, and as a result the defendant, L. D. Jennings, Inc., ceased to be the legal owner of the machinery. The purpose of attachment generally is to take a defendant's property into legal custody so that it may be applied to the plaintiff's debt, when established. 7 C. J. S.; Attachment, § 1, p. 185. Under Section 546, authorizing attachment of property for unpaid purchase money, it is provided that the plaintiff may attach the property of the defendant. The property here was not at the time that of the defendant, but title had passed to the plaintiff, and we do not think that a plaintiff may attach his own property. Claim and delivery would appear to be an appropriate remedy.

The case of *Speizman v. Guill*, 202 S. C., 498, 25 S. E. (2d), 731, 735, involved a purchase money mortgage or sales contract, and while the question here involved did not arise, it was said by the Court: "When a chattel mortgage becomes past due, the mortgagee has three remedies for realizing upon his security: (1) He may peaceably take possession of the chattel, advertise and sell and apply the proceeds of sale to his secured debt, paying the surplus, if any, to the mortgagor; (2) if possession be refused, he may institute claim and delivery proceedings to get possession of the chattel for the purpose of sale as in the first instance; (3) he may institute a proceeding similar to the foreclosure of a mortgage of real estate."

Section 546 gives a right to attach the property of the debtor "as a security for the satisfaction of such judgment as the plaintiff may recover." Here the

appellant already has legal title to the identical property which he seeks to attach, and needs no security. It is true that the holder of a chattel mortgage may attach other property of the debtor if he can do so upon sufficient grounds under the general attachment law, 7 C. J. S., Attachment, § 15, p. 206; and also that he may sue directly for the debt without seizing the property. *Straub v. Screven,* 19 S. C., 445; *Sherer-Gillett Co. v. Moore-Barnes Co.,* 114 S. C., 387, 103 S. E., 766. If by either of these courses he realizes his debt in full, the effect would be the same as if the property had been redeemed, and the title would be revested in the mortgagor. In neither of these instances, however, does the holder seek to attach the property covered by the mortgage itself.

The appellant contends that it may waive its security and elect the remedy of attaching the property. It seems, however, that when a chattel mortgage is past due it is more than on ordinary lien or security which may be disregarded, for the title itself is then in the holder of the mortgage by operation of law. We do not think that such holder, after condition broken, may proceed against the property on the theory that it is still owned by the mortgagor, when the law says that title has passed from him. The legal title could not thus be placed back in the mortgagor without his consent. Even a gift requires the acceptance of the donee. While, as between the parties, a mortgagee may forebear the enforcement of the mortgage, yet the vesting of title upon condition broken is not a mere legal fiction which may be ignored. The mortgagee does not become the absolute owner in the sense of having the right to use the property as his own, but there is an actual passing of the legal title to him so that he is indeed the owner, subject only to the right of the mortgagor to redeem before sale, or, after sale, to an accounting in equity for the surplus, if any, over the debt secured by the mortgage.

Our conclusion is that the attachment here was irregularly issued, and that the Circuit Judge was correct in setting it aside. Being thus invalid, the plaintiff may still institute proceedings in claim and delivery, or may follow one of the other remedies pointed out in the *Speizman case,* above.

The judgment of the Circuit Court is accordingly affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES and CIRCUIT JUDGE T. S. SEASE, ACTING ASSOCIATE JUSTICE, concur.