17326

CHARLESTON AND WESTERN CAROLINA RAILWAY CO., Respondent, v. MRS. MARY K. JOYCE, Appellant

(99 S. E. (2d) 187)

494

*Messrs. Charles & Charles,* of Greenwood, *for Appellant,*

*Messrs. Grier, McDonald, Todd, Burns & Bradford,* of Greenwood. *for Respondent,*

July 16, 1957.

Moss, Justice.

This action is brought under the provisions of Sections 10-2001-2014 of the 1952 Code of Laws of South Carolina, known as the "Uniform Declaratory Judgment Act".

Charleston and Western Carolina Railway Company, respondent, instituted the action against Mrs. Mary K. Joyce, the appellant, for the purpose of having the Court adjudge and decree the rights, status and legal relations of the parties under a contract and deed with respect to the removal of said Railway Company's tracks, and all the appurtenances thereto, including communication lines, and for an interpretation of the contract with reference to the ownership of certain crossties in the old track of respondent, which was to be abandoned when the new track was put into operation.

The complaint alleges that it owns and operates a line of railroad extending from Spartanburg, South Carolina to Augusta, Georgia, and that in January, 1955, it was engaged in a program of revision, or realignment, of its tracks between the aforesaid points and through Greenwood County, S. C. It is also alleged that the appellant was the owner of a tract of land through which the railroad tracks and right of way of the respondent extends. It is alleged that it was necessary for the respondent, in order to carry out its revision program, to purchase from the appellant a strip of land 200 feet in width, that is, 100 feet on each side of the center of the railway track as surveyed and to be constructed and extending for a distance of 3,444 feet, said strip containing 15.81 acres, more or less. It is also alleged that on January 5, 1955, the respondent obtained from the appellant an option to purchase such strip of land at an agreed price of $8,500.00, provided the respondent exercised its option to

purchase within twelve months from the date thereof. This option provided, *inter alia,* as follows:

"In the event that the option shall be exercised, then, as a part of the consideration of the purchase price, the said Railway Company shall quitclaim to the parties of the first part all its right, title and interest in and to such portion of its present right-of-way as shall be abandoned upon the realignment of said main track being adjacent to the above described strip of land, subject, however, to the removal therefrom of all tracks and appurtenances thereto, including communication lines; except pipe culverts *and old crossties which cannot be used in new track."* (Emphasis added.)

The foregoing option was executed in counterparts. The above quote is from the counterpart retained by the respondent. The appellant also retained a counterpart, the only difference in the option being that the word "the" appeared only in the copy of the option retained by the appellant before the words "new track". In the option attached to the plaintiff's complaint, the word "the" before "new track" is omitted.

The complaint alleges that on September 23, 1955, the respondent exercised its option in accordance with the terms and provisions thereof by giving to the appellant notice of its election to purchase the tract of land hereinbefore referred to. It appears from the record that on October 7, 1955, the appellant, by a fee simple deed, conveyed to the respondent, upon receipt of the purchase price, the aforesaid tract of land, and the deed contained the provision set forth in respondent's counterpart of the option. Thus, the word "the", above referred to, and used as heretofore stated in the counterpart of the option retained by the appellant, was omitted from the deed. Hence, the deed was delivered by the appellant to respondent conformed to the counterpart of the option in the possession of the respondent.

The complaint alleges that the respondent had completed the construction of the revision and realignment of its railroad track through the property of the appellant; that said

new railway track and line has been put in use, and when the respondent was ready and prepared to complete the abandonment of the told track, by removing therefrom, as provided for in the option and deed, the track and appurtenances, including communication lines, and excepting pipe culverts and crossties which cannot be used in new track, it was notified by the appellant that all of the crossties of every kind and description in said old track must not be removed for the reason that the good and usable crossties in said old track had not been taken up and placed in the newly constructed track in the revision and realignment of its railroad.

The complaint sets forth the justiciable controversy between appellant and respondent. Respondent asserts that under the provisions of the option and deed heretofore referred to, that it had the right to remove all old crossties which could be used in its new track. Appellant contends that all good and usable crossties in the old track are her property and should remain on the old right of way and not be removed by the respondent because they were not taken up and placed in the newly constructed track placed on the premises of the appellant. The respondent contends that it had the right to remove all the good and usable crossties in the old track and to use such in the rebuilding of its track anywhere.

The appellant filed an answer to the complaint, and she also interposed two counterclaims. Upon motion before the Honorable J. Robert Martin, the then presiding Judge, an order was granted striking the counterclaims in the answer of the appellant. In granting such motion Judge Martin stated:

"On the hearing before me it was admitted by defendant that an interpretation of the contract between the plaintiff and defendant and a declaration of the rights, liabilities, duties, responsibilities and relations of the parties in respect to said contract was absolutely necessary. It was also admitted by defendant that to strike said counterclaims as interposed would not prejudice or deprive the defendant of

her right to assert the matters and things, therein contained, hereafter as she might be advised: In view of these admissions and the nature of the action, I am of the opinion that plaintiff is entitled to an order, striking said counterclaims. Having reached this conclusion, the other grounds of the motion or further questions raised by the motion need not be passed upon or considered.

"Therefore, It Is Ordered:

"That said counterclaims as interposed by the defendant in her answer, filed herein, be, and they are hereby, stricken therefrom, without prejudice, however, to defendant to assert the matters and things therein contained hereafter as she may be advised."

This case came on for trial before Honorable Steve C. Griffith, Resident Judge of the Eighth Circuit. The respondent moved for a declaratory judgment, in accordance with the prayer of the complaint. The appellant moved to amend her answer, based upon affidavit of her counsel that he had not realized that when the counterclaims were stricken, that all factual allegations contained therein were eliminated from the answer. The proposed amendments included allegations with reference to negotiations between the parties'for the option on the strip of land for the relocation of the railway tracks. The appellant sought to allege by the proposed amendments that she first proposed a purchase price of $11,-000.00 for the new right of way, and later this was reduced to $9,000.00 and all crossties in the old right of way which would be abandoned upon construction of the new line. This proposal was not acceptable to the respondent. Thereafter, the arrangement made in the option of January 7, 1955 she concluded. She also asserts that on October 7, 1955 she executed a deed to the respondent, conveying the right of way in question but that the respondent had failed and refused to comply with the provisions of the deed, other than the payment of the cash consideration therein named; that the respondent knew the construction of the new track would interfere with her cattle and farming operations and that she

would have to build new fences; that she had reduced her demand for the cash consideration because of her expectation to receive the crossties in the old track which were not used in the construction of the new track. In short, by the amendments, she attempted to raise these questions. Judge Griffith, in refusing to allow the proposed amendments, states that they are substantially a restatement of the alleged counterclaims which were stricken by Judge Martin. He also states that the proposed amendments are not germane to a construction of the contract between the parties, which is the only relief sought in the complaint. He also held that Judge Martin's Order, which was not appealed from, was binding upon him. He likewise referred to the provisions of the Order of Judge Martin wherein he held that the appellant admitted that an interpretation of the contract existing between the parties was necessary, and that appellant would not be prejudiced or deprived of her right to assert the matters alleged in the proposed amendments, as she might thereafter be advised.

The Court then construes the provisions in the option and deed made pursuant thereto with reference to the removal of any crossties in the old track which could not be used in the new track. He held as follows:

"In the next place, it seems perfectly clear and plain that it was the intention of the parties that the plaintiff should have the right to retain all crossties it desired to use in the rebuilding and relocation of its track anywhere. This, I think, is the only reasonable construction of the contract between the parties."

The appellant is before this Court upon thirteen Exceptions to the Order of the lower Court. By the Exceptions, five questions are raised: (1) Was it error to refuse the motion of the defendant to amend her answer? (2) Was it error to grant a declaratory judgment without taking testimony? (3) Was the Court in error in construing the contract between the parties to mean that the respondent could remove the crossties from the old road bed which could be

used in new track? (4) Did the Court try the issues piecemeal? and (5) Was it error to hold that the deed of the appellant to respondent constituted the contract between the parties? The questions presented by the appellant will be discussed and disposed of in the order above stated.

It is provided in Section 10-692 of the 1952 Code of Laws of South Carolina, as follows:

"The court may, before or after judgment, * * * amend any pleading * * * by * * * (c) inserting other allegations material to the case * * *."

In the case of *Monteith v. Harby,* 190 S. C. 453, 3 S. E. (2d) 250, this Court said:

"An allowance of amendments to pleadings under the statute (Sec. 494) in furtherance of justice, is addressed to the sound discretion of the Circuit Judge, and his action is not subject to review by this Court, unless there has been an abuse of discretion. *Dunbar v. Fant,* 174 S. C. 49, 176 S. E. 866; *Parker v. Mayes,* 85 S. C. 419, 67 S. E. 559, 137 Am. St. Rep. 912."

It is to be noted that the appellant does not charge the Circuit Judge with an abuse of discretion. If the appellant conceived that the lower court had abused its discretion in refusing her proposed amendments, an appropriate Exception should have been made.

However, there are other reasons why it was proper for the lower Court to refuse to grant the motion allowing the proposed amendments.

The lower Court held that the proposed amendments were substantially a restatement of the alleged counterclaims set up in the original answer and stricken by the Order of Judge Martin. This finding is not challenged by any Exception of the appellant. The Order of Judge Martin, from which no appeal was taken, became the law of the case. *Erwin v. Patterson,* 229 S. C. 188, 92 S. E. (2d) 464; *Myerson v. Malinow,* S. C., 97 S. E. (2d) 88. To allow the amendments as proposed would be, in effect, to overrule the Order of Judge Martin.

There is yet another reason why it was proper for the lower Court to refuse to grant the proposed amendments. The amendments sought to inject into the action the negotiations between the parties which took place prior to the delivery of the option on January 5, 1955 and the delivery of the deed, by the appellant to the respondent, on October 7, 1955. It is undisputed that a written option and deed were executed and hence these written instruments merged all prior negotiations and renders inadmissible testimony that varies or contradicts the writing.

In 2 Jones on Evidence, (4th Ed.), Sec. 434, at page 823, it is said:

"Where there is no imperfection or ambiguity in the language thereof, a contract will be deemed to express the entire and exact meaning of the parties, every material part of the agreement will be presumed to have been expressed therein. All conversations and parol agreements between the parties prior to or contemporaneous with the written agreement are considered to have been merged therein so that they cannot be given in evidence for the purpose of changing the contract or showing an intention or understanding different from that which is expressed in the written agreement."

The general rule that terms of a written instrument cannot be varied by parol testimony applies to negotiations leading up to the execution of the instrument. *Simon v. Aetna Casualty & Surety Co.,* 151 S. C. 44, 148 S. E. 648; *Blackwell v. Faucett,* 117 S. C. 60, 108 S. E. 295; *John T. Stanley Co., Inc., v. Kaufman,* 170 S. C. 521, 171 S. E. 32; *Hyder v. Metropolitan Life Ins. Co.,* 183 S. C. 98, 190 S. E. 239.

The sole issue for determination was the construction and interpretation of the written agreement between the parties to this action. The amendments proposed by the appellant were not germane to a construction of the contract. The appellant suffers no prejudice by reason of the refusal of the lower Court to permit the amendments. Judge Martin specifi-

cally reserved to the appellant the right to assert any cause of action which she had against the respondent as "hereafter she may be advised". We think that Judge Griffith correctly refused to permit the proposed amendments.

The next question for determination is whether the Court committed error in granting a declaratory judgment without taking testimony. We recur again to the deed executed by the appellant to the respondent. We are called upon to determine what is meant by the exception which gave to the appellant all the "old crossties which cannot be used in new track". The converse of this is that the respondent was entitled to all of the old crossties which could be used in its new track. The language used is perfectly clear, plain and unambiguous. We encounter no difficulty in determining and gathering the intention of the parties from the language of the instrument. The complaint alleges the language of the deed and the answer admits it. It follows that there was no necessity or occasion to take testimony as requested by the appellant.

Where the language of a contract is free from ambiguity, its construction is for the Court. *Batesburg Cotton Oil Co. v. Southern Ry. Co.,* 103 S. C. 494, 88 S. E. 360; *Huntley v. Sullivan,* 170 S. C. 391, 170 S. E. 664; *Stackhouse v. Pure Oil Co.,* 176 S. C. 318, 180 S. E. 188.

We conclude that there was no error in granting a declaratory judgment without taking testimony.

The third and fifth questions are considered together. These Exceptions pose the question of whether the Court was in error in construing the contract between the parties to mean that respondent could remove the crossties from the old road bed which could be used in new track, and whether it was error to hold that the deed of the appellant to the respondent, being the last document signed by her, constituted the contract between the parties.

It is true, as heretofore stated, that the counterpart of the option retained by the respondent provided for the retention by the appellant of all "old crossties which cannot be used in new track", and the counterpart of the option retained by the appellant provides for the retention by her of "all old crossties which cannot be used in *the* new track". (Emphasis added.) However, when the appellant executed, on October 7, 1955, a deed to the respondent, she used the identical language as was contained in the respondent's counterpart of the option. In the deed, the word "the" is not used. This deed is the last document signed by the appellant and is really the contract between the parties for interpretation. It is our opinion that whatever was contained in the option, such was merged into the deed subsequently executed by the appellant.

In the case of *Snyder v. Roberts,* 45 Wash. (2d) 865, 278 P. (2d) 348, 352, 52 A. L. R. (2d) 631, we find an excellent statement of the rule to be as follows:

"The doctrine of merger is founded upon the privilege, which parties always possess, of changing their contract obligations by further agreements prior to performance. The execution, delivery, and acceptance of a deed varying from the terms of the antecedent contract indicates an amendment of the original contract, and generally the rights of the parties are fixed by their expressions as contained in the deed. *City of Bend v. Title & Trust Co.,* 1930, 134 Or. 119, 289 P. 1044, 84 A. L. R. 1101. *Miller v. Kemp,* 1931, 157 Va. 178, 160 S. E. 203, 84 A. L. R. 980; *Duncan v. McAdams,* 1953, 222 Ark. 143, 257 S. W. (2d) 568, 38 A. L. R. (2d) 1307.

"We have held that the general rule is that a deed made in full execution of a contract of sale of land merges the provisions of the contract therein, and that this rule extends to and includes all prior negotiations and agreements leading up to the execution of the deed. *Davis v. Lee,* 1909, 52 Wash. 330, 100 P. 752."

In 55 Am. Jur., page 756, para. 327, under Vendor and Purchaser, we find the rule stated as follows:

"In the absence of fraud or mistake, and in the absence of contractual provisions or agreements which are not intended to be merged in the deed, upon the acceptance of a deed tendered in performance of an agreement to convey, the written or oral agreement to convey is merged in the deed, the agreement to convey is discharged or .is modified as indicated by the deed, the deed regulates the rights and liabilities of the parties, and evidence of contemporaneous or antecedent agreements between the parties is inadmissible to vary or contradict the terms of the deed. Where there is no mistake or fraud a deed executed subsequently to the making of an executory contract for the sale of land is generally regarded as conclusive evidence of a previous modification of the executory contract. A deed executed subsequent to the making of an executory contract for the sale of land supersedes that contract not only as to provisions made pursuant to the terms of the contract, but also as to stipulations in the contract of which the conveyance is not a performance, if the parties intended to surrender them, but they are not superseded if the parties did not intend to surrender them. If the deed is tendered by the vendor as a full performance of the contract it is immaterial that the purchaser protested against accepting it as such."

The language of the deed for the removal of certain crossties clearly provides that any crossties in the old track which could not be used in the new track would become the property of the appellant. The appellant contends that the appearance of the word "the" immediately preceding the words "new track" means that such crossties as the respondent had a right to remove from the old track should have been used in the track on the right of way it was acquiring from the appellant. In other words, the appellant says that the respondent should have removed the good and usable crossties in the old line of railroad then in operation and place same in the segment of new track under construc-

tion on the right of way acquired from the appellant. The lower Court held that this would have been utterly impossible to do. We agree with this statement. The respondent could not remove from the old track the good and usable crossties and place them in the track being constructed across appellant's land for the reason that a railroad track cannot be destroyed and trains operated over it, or to put it another way, the crossties cannot be removed from underneath the rails in a track and trains then operated over it. We think that this obvious fact is a correct and proper observation on the part of the lower Court. The only reasonable conclusion to be placed upon the provision contained in the deed of appellant to the respondent is that respondent was to retain all crossties that it could use in its track anywhere. In this connection, we point out that the pleadings admit that the respondent was in the process of rebuilding and realigning its track from Spartanburg, South Carolina to Augusta, Georgia.

In our opinion, it would have been an absurdity for the lower Court to have held that the good and usable ties from the old track had to be removed therefrom and used in the track being constructed on the lands acquired from the appellant. It is the policy of the Court to give a reasonable and equitable construction to a contract and avoid giving a construction that will bring about absurd results.

In *Sanders v. General Motors Acceptance Corporation*, 180 S. C. 138, 185 S. E. 180, 182, this Court in construing a contract, said that it was governed by certain stated rules, among them being:

"The words of a contract will be given a reasonable construction, where that is possible, rather than an unreasonable one, and the Court will likewise endeavor to give a construction most equitable to the parties, and which will not give one of them an unfair or unreasonable advantage over the other. So that interpretation which evolves the more reasonable and probable contract should be adopted, and a

construction leading to an absurd result should be avoided. 13 C. J. § 511, p. 540."

And again from *Sanders v. General Motors Acceptance Corporation, supra:*

"Instruments should receive a sensible and reasonable construction and not such a construction as will lead to absurd consequences or unjust results. *Fairbanks v. Twin City Supply Co.,* 170 N. C. 315, 86 S. E. 1051. *Chatfield Woods Co. v. Harley,* 124 S. C. 280, 117 S. E. 539, 541.

"A principle of construction which is also well settled is, that where one construction would make a contract unusual and extraordinary, and another construction, equally consistent with the language employed, would make it reasonable, fair, and just, the latter construction must prevail. *Stein v. Archibald,* 151 Cal. 220, 90 P. 536."

There is another reason why the construction placed upon the deed of appellant to respondent was correct. Reference is had to the provision as to the time of performance of the condition of the deed. It was to take effect "at such time as the main track of said realignment is put in operation." It was at that time that the old right of way would be abandoned and the respondent would have the right to remove therefrom the tracks and all of the appurtenances, including the communication lines, but excepting pipe culverts and old crossties which cannot be used in new track.

We conclude that the trial Judge properly construed the deed existing between the appellant and the respondent.

The remaining question is whether the court tried the case piecemeal. We do not think so. The contract was construed in the only respect deemed necessary by the parties, as is admitted by the pleadings. The dispute as to the meaning of the provision of the contract which provided for the retention by the appellant of all old crossties which cannot be used in new track, was the only issue for determination. The appellant did not ask for any construction of any other provision of either the option or the deed,

508

but admitted, according to the order of Judge Martin, that "a declaration of the rights, liabilities, duties, responsibilities and relations of the parties in respect to said contract was absolutely necessary."

It is true that in the case of *Williams Furniture Corporation v. Southern Coatings & Chemical Co.,* 216 S. C. 1, 56 S. E. (2d) 576, 578, this Court said:

"Declaratory relief should not be accorded 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy.' "

We adhere to the foregoing rule but it is readily apparent that the application of this pronouncement cannot be made for the reason that the only issue raised by the pleadings was the construction of the option and deed, as is heretofore stated.

All Exceptions are overruled and the judgment of the lower Court affirmed.

Stukes, C. J., and Taylor, Oxner, and Legge, JJ., concur.