18207

M. G. PROFFITT, Appellant, v. J. H. SITTON, Respondent
(186 S. E. (2d) 257)

*Messrs. W. W. Wilkins* and *Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellant,*

*Messrs. Hubert E. Nolin* and *Wyche, Burgess & Wyche,* of Greenville, *for Respondent,*

May 5, 1964.

TAYLOR, Chief Justice.

This appeal arises out of an action instituted by M. G. Proffitt, the Appellant, against J. H. Sitton, the Respondent, to recover the sum of $3,674.58, together with interest paid to Respondent by Wade Hampton Water and Sewer District for a water line which Appellant alleges was previously purchased by him from Respondent under a written contract between the parties. Upon trial, Respondent's motion for nonsuit was granted and this Appeal followed.

Appellant alleges that on March 18, 1955, he entered into a contract with Respondent for the purchase of a residential subdivision complete with water lines and surface treated roads known as Liberty Park in the Wade Hampton Water District, near the City of Greenville, containing 34 lots, for the sum of $80,000.00. It is further alleged that Respondent sold or attempted to sell the water lines and pipes in the said subdivision to the Wade Hampton Water and Sewer District and received the sum of $3,674.58 therefor as payment on January 15, 1962, that such sum should have been paid to Appellant as he was the owner of said lines and pipes, having purchased and paid for them under the above-mentioned contract. Judgment is demanded for $3,674.58, together with interest from January 5, 1962.

Respondent's answer sets forth a general denial, admits entering into the contract and alleges that said contract contained all the provisions with respect to the rights and duties of the parties. Respondent further admits he received payment of $3,674.58 from Wade Hampton Water and Sewer District and that he refused to turn same over to Appellant as Appellant had no title or interest in the water line.

The issue before the lower Court was whether title to the water line passed to Appellant under the contract. This

by necessity requires a construction and interpretation of the contract, the pertinent parts of which are as follows:

"The Seller, J. H. Sitton, does hereby agree to sell and to convey unto M. G. Proffitt all those certain lots as shown on Plat of Liberty Park near Greenville, South Carolina, facing on Edwards Road and Century Drive, being in numbers from 1 through 34 according to a survey made by the Piedmont Engineering Service, March, 1955, all of which are to be for residential purposes only. Upon the following terms and conditions:

"The Purchaser, M. G. Proffitt, is to pay to the Seller, J. H. Sitton, the sum of $80,000.00 for the lots heretofore mentioned as follows:

\* \* \*

"It is further agreed, however, that the Seller will make a deed to the Purchaser upon the receipt of $2,000.00 which is to be credited to the balance due on any lots shown on said subdivision; but it is distinctly understood and agreed that unless the full amount is paid the Seller reserves the right to refuse to sign or convey more than 30 lots until the balance due is paid, it being agreed that the total amount to be paid is $80,000.00 and the Purchaser to receive credit for any amounts paid on said contract.

"The Seller agrees to install a 6-inch water line from Edwards Road following Century Drive back into Edwards Road within a reasonable time and the Seller further agrees to surface-treat Century Drive and to convey the same over to the County of Greenville within a reasonable time.

"The Seller agrees, upon the compliance of the above terms and conditions, to furnish good merchantable title to the properties heretobefore referred to."

Appellant lists six exceptions, 3 of which relate to the exclusion of certain testimony by John F. Chandler, a realtor, regarding the circumstances surrounding the execution of the contract; one charges error in excluding the 1955 tax returns of Respondent and the remaining two exceptions allege the trial Court erred in holding as a matter of

law that the contract did not include the sale of the water line to Appellant.

The testimony of Chandler, which was offered while the jury was excused from the Courtroom apparently was for the purpose of proving what he considered the contract to mean and not what he did as agent of one of the parties. The general rule is that terms of a written instrument cannot be varied by parol testimony and this applies to negotiations leading up to the execution of the instrument. *Charleston & W. C. Ry. Co. v. Joyce,* 231 S. C. 493, 99 S. E. (2d) 187. Where a written instrument is ambiguous, parol testimony is admissible to show its true meaning, *Breedin v. Smith et al.,* 126 S. C. 346, 120 S. E. 64; *DeVore v. Piedmont Insurance Co.,* 144 S. C. 417, 142 S. E. 593; *Bruce v. Blalock,* 241 S. C. 155, 127 S. E. (2d) 439. An ambiguous contract is one capable of being understood in more senses than one, an agreement obscure in meaning, through indefiniteness of expression, or having a double meaning. *Bruce v. Blalock, supra,* 241 S. C. 155, 127 S. E. (2d) 439. Where a contract is free from ambiguity, its construction is for the Court, *Charleston & W. C. Ry. Co. v. Joyce,* 231 S. C. 493, 99 S. E. (2d) 187.

Where the terms of a written instrument are unambiguous, clear and explicit, extrinsic evidence of statements of any of the parties to it, made contemporaneously with or prior to its execution, is inadmissible to contradict, add to, subtract from, vary or explain its terms, in the absence of fraud, accident or mistake in its procurement, *Chapman v. Metropolitan Life Ins. Co.,* 172 S. C. 250, 173 S. E. 801; *Montalbano v. Auto. Ins. of Hartford, Conn.,* 217 S. C. 157, 60 S. E. (2d) 77. Appellant has made no allegation or claim of fraud, accident or mistake. On the contrary, both parties agreed upon trial that the contract was clear and unambiguous.

*Charleston & W. C. Ry. Co. v. Joyce, supra,* 231 S. C. 493, 99 S. E. (2d) 187, quoting from 2 Jones on Evidence (4th Ed.), Section 434, p. 823, states:

"Where there is no imperfection or ambiguity in the language thereof, a contract will be deemed to express the entire and exact meaning of the parties, every material part of the agreement will be presumed to have been expressed therein. All conversations and parol agreements between the parties prior to or contemporaneous with the written agreement are considered to have been merged therein so that they cannot be given in evidence for the purpose of changing the contract or showing an intention or understanding different from that which is expressed in the written agreement."

A review of the contract leads us to the conclusion that the same is free from any ambiguity and that the trial Judge properly excluded all evidence which would tend to contradict, add to, subtract from, vary or explain its terms. The language of the contract being unambiguous, its construction was, therefore, a matter for the Court.

Appellant asserts the trial Judge erred in placing a construction on the contract to the effect that the agreement between the parties did not include the sale of the water line in question to Appellant.

"Contracts, where there is no ambiguity, must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary and popular sense. *Inman et al. v. Life Ins. Co. of Virginia,* 223 S. C. 98, 74 S. E. (2d) 423. It is axiomatic that the intent and purport of a written contract or agreement has to be gathered from the contents of the entire agreement and not from any particular clause or provision thereof. The parties have the right to make their own contracts, and when such contracts are capable of clear interpretation, the Court's province is confined to the enforcement thereof. The Court cannot exercise its discretion as to the content of such contract or substitute its own construction for the agreement clearly entered into between the parties. *Sloan v. Colonial Life & Accident Ins. Co.,* 222 S. C. 428, 72

S. E. (2d) 446. The purpose of all rules of construction is to ascertain the intention of the parties to the contract. The subject matter of the contract and the purpose of its exception are material to the ascertainment of the intention of the parties and the meaning of the terms they use. In construing the contract the Court will ascertain the intention of the parties, and to that end will, as far as possible, determine the situation of the parties, as well as the purposes had in view at the time the contract was made. All contracts should receive a sensible and reasonable construction, and not such a one as will lead to absurd consequences or unjust results. *Three States Coal Co. v. Mollohon Mfg. Co.,* 137 S. C. 345, 135 S. E. 380." *Bruce v. Blalock, supra,* 241 S. C. 155, 127 S. E. (2d) 439.

Appellant contends that a proper construction of the contract, particularly the last paragraph thereof, would result in a finding that the water lines belonged to Appellant and not to Respondent.

The contract, which was signed on March 18, 1955, simply provides that Respondent will sell and convey 34 lots, which comprise all of the lots in the Library Park subdivision, upon certain terms and conditions. The terms and conditions set forth provide for payment of $80,000.00 by Appellant ($8,000.00 of which was made when the contract was entered into) by March 18, 1958. A release price of $2,000.00 per lot for the first 30 lots was also provided for. Further, Respondent agreed to install a water line in Century Drive within a reasonable time and to surface treat and convey Century Drive within a reasonable time to the City of Greenville. The last paragraph reads: "The Seller [Respondent herein] agrees, upon the compliance of the above terms and conditions, to furnish good merchantable title to the properties heretobefore referred to."

Appellant contends that since the water line is one of the "properties heretobefore referred to" Respondent agreed to convey the water line to Appellant. In order to sustain this position, the Court would be required to interpolate words

of conveyance not present in the contract. The contract provided that "The Seller agrees to install a 6-inch water line" but makes no reference to its sale to Appellant.

Had the parties contemplated conveyance of the water line to Appellant, it would have been an easy matter to so provide as was done in the case of the conveyance of Century Drive to the County of Greenville. "If the intention of the parties is clear, the Courts have no authority to change the contract in any particular and have no power to interpolate into the agreement * * *, a condition or stipulation not contemplated either by the law or by the contract between the parties. *Quinn v. State Farm Mut. Auto. Ins. Co.*, 238 S. C. 301, 120 S. E. (2d) 15; *Garrett v. Pilot Life Ins. Co.*, 241 S. C. 299, 128 S. E. (2d) 171." *Kingman v. Nationwide Mutual Insurance Company*, 243 S. C. 405, 134 S. E. (2d) 217.

The water line was within Century Drive which was conveyed to Greenville County and the deed to Appellant specifically excluded that portion of the subdivision shown on the plat as Century Drive or Proffitt Drive.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.