Leo Laury BING, Plaintiff,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.

Civ. A. No. AC–1331.

United States District Court
E. D. South Carolina,
Columbia Division.

Feb. 2, 1965.

Melton Kligman, Columbia, S. C., for plaintiff.

Cooper, Gary, Nexsen & Pruet, by William A. Dallis, Columbia, S. C., for defendant.

HEMPHILL, Chief Judge.

Action for damages arising out of an alleged unlawful repossession of personal property by the defendant.

Defendant moves to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure contending the complaint fails to state a claim against the defendant upon which relief can be granted. Defendant also moves for summary judgment dismissing the action on the ground that no genuine issue arises as to any material fact and that, therefore, defendant is entitled to a judgment as a matter of law.

A motion to dismiss under Rule 12(b) performs substantially the same function as the old common law general demurrer and is the usual and proper method of testing the legal sufficiency of the complaint. Nicholson Transit Co. v. Bassett, 42 F.Supp. 990, 991 (N.D.Ill.1941); Smith v. Blackwell, 34 F.Supp. 989, 994 (E.D. S.C.1940), aff'd 4 Cir., 115 F.2d 186. For the purposes of the motion, the well-pleaded material allegations of the complaint are taken as admitted. Lada v. Wilkie, 250 F.2d 211 (8 Cir. 1957). And such facts must be viewed in light most favorable to the plaintiff. Sinclair Refining Co. v. Atkinson, 290 F.2d 312 (7 Cir., 1961). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45, 46, 78 S.Ct. 99, 2 L.Ed.2d 80; Lee v. Hodges, 321 F.2d 480, 485 (4th Cir. 1963).

Plaintiff's complaint, after setting forth the allegations relating to the jurisdiction of this Court, alleges that on or about October 23, 1962, he purchased from Mutual Motors, Columbia, South Carolina, one 1959 Oldsmobile "98" automobile, Serial No. 559A–02377, for a total purchase price of $1,800 to which was added the cost of insurance, recording fees and documentary stamps, the State sales tax and time and finance charges, making a total of $2,259.72. He paid $495.00 down at the time of purchase and, together with his mother, Anna Malloy, executed a promissory note to the defendant for the balance of $1,-764.72 payable in 24 monthly payments of $73.53 each, commencing December 2, 1962.

Plaintiff further alleges that on or about March 27, 1963, defendant's agent called at his home and spoke to one Mamie Martin. The agent advised Mamie Martin that since the plaintiff was delinquent in his installment payments, he was coming to repossess the automobile. He states that Mamie Martin informed the agent that it was not her automobile, that she did not reside there, but that she would advise the plaintiff. Plaintiff alleges that on or about March 28, 1963, the day following the first visit, defendant's agent again came to his home and again talked to Mamie Martin; that Mamie Martin offered to give defendant's agent a partial payment of the delinquent installments but instead the defendant took the automobile from the premises of the plaintiff. The complaint states that Mamie Martin, at the request of defendant's agent, signed a paper asserting that the automobile would be kept in storage until the delinquent payments could be made and that the delinquent payments would be made on April 2, 1963 and releasing defendant from any liability arising out of the repossession which was done without the permission of plaintiff; that defendant's representative advised Mamie Martin that defendant would keep the automobile until plaintiff made his payments, but that after April 2, plaintiff would have to pay storage charges until he recovered said automobile.

Plaintiff alleges that on or about April 10, 1963, David Diggs, acting in his behalf, went to defendant's place of business with sufficient money to bring the installment payments to date through April 2, 1963, but was informed by defendant that the car had been sold and it was unable to do anything about the matter; that the records of the South Carolina Highway Department show that said car was transferred to Charlie James Brown on July 17, 1963.

On the basis of the above allegations the plaintiff claims that the repossession

was unlawful, willful and wrongful and seeks actual and punitive damages therefor.

Assuming the allegations to be true, defendant contends that the complaint fails to state a claim against it upon which relief can be granted. Plaintiff alleges that he was delinquent in the installment payments. The South Carolina Courts have consistently held that upon condition broken title to mortgaged chattels passes to the mortgagee. John Deere Plow Company of St. Louis v. L. D. Jennings, 203 S.C. 426, 428, 27 S.E.2d 571; Justus v. Universal Credit Co., 189 S.C. 487, 492, 1 S.E.2d 508.

Title to the mortgaged chattel vests in the mortgagee upon condition broken, carries with it the right to possession and carries with it the right to do whatever is reasonably necessary to make seizure, including the right to enter peaceably on mortgagor's premises *without provoking a breach of the peace*. Soulios v. Mills Novelty Company, 198 S.C. 355, 367, 368, 17 S.E.2d 869; Justus v. Universal Credit Company, supra. [Emphasis supplied.]

The most recent case touching on the question is that of Mishoe v. General Motors Acceptance Corporation, 234 S.C. 182, 107 S.E.2d 43. Although the facts in that case are not on all fours with the facts in this case, there is a striking similarity. The plaintiff in that case alleged that he was induced to part with the possession of the property by reason of fraud and deceit of the defendant. The alleged fraud was based on plaintiff's contention that, being four days past due on an installment, a representative of the defendant requested that the plaintiff accompany him to the selling dealer's place of business in order that the interest on the past due installment could be computed. Plaintiff had sufficient funds to pay the installment. However, the representative demanded the entire outstanding balance on the contract and possession of the automobile. A verdict for the plaintiff was reversed on appeal. The Supreme Court again reiterated the principle of law regarding the rights of a mortgagee

to possession of a mortgaged chattel upon condition broken (quoting from Willis v. Whittle, 82 S.C. 500, 64 S.E. 410), stating:

"It is well settled that, after condition broken, the legal title to mortgaged chattels vests in the mortgagee. The right of the mortgagee to seize mortgaged chattels after condition broken is a license coupled with an interest, which cannot be revoked by the mortgagor. It is a part of the consideration of the mortgage, and to allow the mortgagor to revoke it would be a fraud upon the rights of the mortgagee, and would very much impair the value of the chattel mortgages as securities. The right to seize carries with it by necessary implication, the right * * * to peaceably enter upon the premises of the mortgagor. There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if the mortgagee finds that he cannot get possession without committing a breach of the peace, he must stay his hand, and resort to the law, for the preservation of the public peace is of more importance to society than the right of the owner of a chattel to get possession of it." 234 S.C. 182, 107 S.E.2d 43, 50, 51.

Plaintiff himself alleges a default in the payment terms. Thus the contract had been breached when defendant's agent came to pick up the property. He further alleges that the property was voluntarily surrendered to defendant by Mamie Martin, negating a breach of the peace. There is no allegation of fraud, nor any allegation consistent with the idea that this is an action *quare clausum fregit,* because that requires force and arms and breaking and entering of plaintiff's close. See Berger v. Lexington Lumber Co., 178 S.C. 72, 75, 182 S.E. 156.

Considering the allegations in the light most favorable to plaintiff and drawing all reasonable inferences there-

from, the plaintiff has stated no claim against the defendant for the wrongful repossession of the automobile in question. The complaint, accordingly, should be dismissed.

Passing now to defendant's motion for summary judgment, even if the complaint should not be dismissed under Rule 12 (b), a summary judgment should be granted under Rule 56, because there is no material issue of fact under the pleadings and the evidence.

Defendant contends that there is no material issue of fact presented and in support thereof calls to the Court's attention the pleadings in the cause, the interrogatories propounded by the defendant to plaintiff pursuant to Rule 33 and plaintiff's answers thereto, and the deposition on oral examination of Mamie Martin taken in Washington, D. C., on March 23, 1964.

On March 27, 1963 the plaintiff was past due in the payment of two installments on the conditional sale contract. The past due installments were February 2 and March 2, respectively. A third installment would be past due on April 2, 1963, less than one week from the date the car was stored by defendant's representatives.

Plaintiff having breached the contract, defendant was entitled to possession of the property. Justus v. Universal Credit Corporation, supra.

Did defendant gain peaceful possession of the property? Plaintiff's sister, Mamie Martin, says it did. She testified by way of deposition that during the afternoon of March 26, 1963, two representatives of defendant contacted her at her mother's home on Hardon Street in Columbia.

She testified that they discussed the status of the account concerning the automobile in question which was parked on Hardon Street near Anna Malloy's home.

The men from GMAC returned the evening of March 27. Anna Malloy had given the witness some money to pay on the car but the amount was some $10 short of one full payment. The representatives of defendant waited while the witness attempted to obtain the remainder of the funds necessary to make a full payment. The car was still parked on Hardon Street. Possession thereof was then surrendered by Mamie Martin to the defendant's representatives by her giving them the keys for the car.

Mamie Martin testified that there was no scene created at the time of repossession and that the representatives of defendant were "nice."

Plaintiff alleged in his complaint that defendant's representatives had Mamie Martin sign a release. Mamie Martin, who has a high school diploma and can read and write, testified that she signed a document prepared by defendant's representative at two places; one such place indicating that there were no personal effects of plaintiff in the car, and the other place indicating that the car was "to be placed in storage for past due payments until 4-2-63."

Plaintiff alleges that defendant's agent advised Mrs. Martin that "they would keep the said automobile for the plaintiff until he made his payments but that after April 2, the plaintiff would have to pay storage charges until he recovered said automobile." This allegation was reasserted in the testimony on oral deposition of Mamie Martin. Defendant contends that such allegations and such testimony is an attempt to vary by parol the terms of a written instrument and should, therefore, be excluded and not considered by the Court. See Swift & Company v. Griggs, 235 S.C. 60, 109 S.E.2d 710, where the action of the lower court ordering stricken certain defenses attempted to be set up by defendants based upon an alleged breach of a contemporaneous parol agreement was sustained on appeal to the South Carolina Supreme Court.

As stated in the case of Proffitt v. Sitton, 244 S.C. 206, 136 S.E.2d 257, 259:

"Where the terms of a written instrument are unambiguous, clear and explicit, extrinsic evidence of statements of any of the parties to it, made contemporaneously with or prior to its execution, is inadmissible to contradict, add to, subtract from, vary or explain its terms, in the ab-

sence of fraud, accident or mistake in its procurement."

Plaintiff has made no allegation or claim of fraud, accident or mistake.

It is unreasonable to presume that defendant would keep the car for plaintiff to redeem indefinitely as plaintiff would contend. Even the collection of storage charges would not alter this fact. Suppose plaintiff waited a year to pay the past due installments. In the meantime the property would deteriorate and depreciate in value. The security afforded by defendant's lien on the vehicle would be lessened until eventually it would have no value because of the depreciation in value of the collateral.

The instrument signed at time of repossession speaks for itself. It is free of ambiguity. The defendant acted pursuant thereto and pursuant to the authority of the conditional sale contract held by it, and of the law. The plaintiff has not been wronged thereby.

Under all the evidence, defendant lawfully exercised its right to the possession of the automobile. From the record before the Court, there is no material issue of fact for the Court to consider, or a jury to decide.

Accordingly, plaintiff's complaint should be dismissed.

And it is so ordered.