0308

R. E. HUGHES, Chanticleer Real Estate, Inc., and Chanticleer Townhouse, Inc., Appellants, v. GREENVILLE COUNTRY CLUB, Respondent.

(322 S. E. (2d) 827)

Court of Appeals

A. *Camden Lewis,* of *Barnes & Austin,* Columbia, *for appellants.*

B. O. *Thomason, Jr.,* and *Mason A. Goldsmith* of *Love, Thornton, Arnold & Thomason,* Greenville, *for respondent.*

Heard April 26, 1984.

Decided Nov. 5, 1984.

SHAW, Judge:

This case is an appeal from a circuit court trial without a jury and is an action in equity to enforce a reservation for accommodation in an offer to donate land. The trial court entered judgment for the club, holding the offer merged in the deed. We affirm.

The facts are undisputed. Appellant Chanticleer Real Estate, Inc., whose sole shareholder is appellant R. E. Hughes, developed Greenville's Chanticleer subdivision. In 1967, Chanticleer Real Estate and Hughes offered to give respondent Greenville Country Club ninety-six acres of land to construct a golf course adjoining Chanticleer. The offer stated, "Since this land is being offered [pursuant to] a general plan of development for the area ... it is necessary to reserve certain rights of way for the benefit of the adjoining property." After enumerating three reserved rights, the offer concluded: "These appear to be the only major rights of way required. However, if after the survey and prior to the final agreement it appears that any other adjustments are required, we would expect reasonable accommodation to the needs of the adjoining property."

Six months later Chanticleer Real Estate deeded the land to

the club; unlike the offer, the deed made no provision for "reasonable accommodation." In 1969 the golf course was completed. In the middle 1970's appellant Chanticleer Townhouses, Inc., began developing property on another side of the golf course. This property was subsequently purchased by Paramount Builders, Inc., whose sole shareholder was Hughes. Paramount changed its name to Chanticleer Townhouses; Chanticleer Real Estate assigned some of its rights under the 1967 offer to Chanticleer Townhouses. When the club refused to let Chanticleer Townhouses use its private drive, Garden Trail, as an access road, Hughes and his corporation brought this action seeking accommodation under the 1967 offer. Garden Trail is designed to dead-end into the club house's parking lot.

South Carolina recognized the merger doctrine in *St. Philip's Church v. Zion Presbyterian Church*, 23 S. C. 297 (1885). St. Philip's Church leased certain land to the founders of Glebe Street Presbyterian Church on the condition the land be used for a Presbyterian church only. Eventually St. Philips deeded the land to Glebe Street, Glebe Street deeded the land to Zion Presbyterian Church, and Zion deeded the land to Mount Zion African Methodist Episcopal Church. St. Philips brought an action against Zion to recover the land, arguing the condition in the lease to Glebe Street attached to the deed. The court entered judgment for Zion relying on the merger doctrine. "The deed was absolute on its face and in its terms. No such conditions as those appearing in the lease were incorporated in the deed." At 315. The merger doctrine has also been applied in *Yawkey v. Lowndes*, 150 S. C. 493, 148 S. E. 554, 562-563 (1929) ("[w]hatever may have been the plaintiff's desires, as disclosed in his telegrams, it is certain that all the negotiations were merged in the deed"); *Charleston & Western Carolina Railway Co. v. Joyce*, 231 S. C. 493, 99 S. E. (2d) 187, 192 (1957) ("[t]his deed is the last document signed by the appellant and is really the contract between the parties for interpretation"); and *Wilson v. Landstrom*, 281 S. C. 260, 315 S. E. (2d) 130, 132 (Ct. App. 1984) ("[t]he deed and mortgage delivered and accepted at closing, not the prior contract, represented the final bargain of the parties").

South Carolina also recognizes the contrary intent excep-

tion to the merger doctrine. "[I]n the absence of ... agreements which are not intended to be merged in the deed, upon the acceptance of a deed tendered in performance of an agreement to convey, the written or oral agreement is merged in the deed. . . ." *Charleston & Western*, 99 S. E. (2d) at 193 (quoting 55 Am. Jur. *Vendor and Purchaser* 327). The courts that have had occasion to develop this exception have held the party denying merger has the burden of proving by clear and convincing evidence that merger was not intended. *Knight v. Hedden*, 112 Ga. App. 847, 146 S. E. (2d) 556, 558 (1965), 26 C.J.S. Deeds Section 91(c) (1956).

Hughes and his corporations' exceptions state the parties did not intend the 1967 offer to merge with the deed.[1] Their argument can be summarized: since the rights Chanticleer expressly reserved in the offer could not have merged, the reasonable accommodation provision could not have merged either. For example, the first right reserved was to connect lateral sewer lines to the main system that would run through the course; this right could not have been exercised until after the deed was delivered and the course was built. The reasonable accommodation clause, however, specifically stated it would remain open only until "the final agreement." Hughes and the corporation argue a final agreement was never signed and the provision is still in effect. The club argues the deed was the final agreement. We find the club's position is the most reasonable and we hold the club would not have agreed to accommodate development indefinitely. We hold the trial court correctly determined Hughes and his corporation did not present clear and convincing evidence that merger was not intended.[2]

Affirmed.

BELL and CURETON, JJ., concur.

---

[1] Both exceptions relating to merger, like the rest of the ninety exceptions, violate Supreme Court Rule 4, Section 6. We elect to consider the issue only because it is reasonably clear from the argument. *See Ramage v. Ramage*, 322 S. E. (2d) 22 (S. C. App. 1984).

[2] Their counsel correctly argues appellants' case stands or falls on the 1967 offer. Since we hold the critical provision of the offer merged in the deed, we do not reach the questions whether the offer applied to Chanticleer Townhouses, whether using Garden Trail as an access would be reasonable, or whether certain evidence unrelated to the merger issue was properly admitted.