22199

James A. GOODSON, Jr., Respondent, v. CAROLINA CONTAINER CORP., INC., a/l/a Carolina Container Corp., of Florence S. C., and John C. Rhyne, III, Appellants.

(324 S. E. (2d) 67)

Supreme Court

*Benjamin D. Moore*, Florence, *for appellants.*

*Frank S. Potts*, Columbia, *for respondent.*

Heard Nov. 14, 1984.

Decided Dec. 13, 1984.

LITTLEJOHN, Chief Justice:

In this action, plaintiff-respondent James A. Goodson, Jr. sued defendants-appellants Carolina Container Corp., Inc. and John C. Rhyne, III for failure to pay a promissory note.

The trial judge granted summary judgment in favor of Goodson. This appeal followed.

Goodson's Complaint seeks the face amount of the note (which specified no interest) plus interest at the legal rate from date of maturity. Goodson loaned Container and Rhyne $30,000 on April 27, 1981. They agreed in the note evidencing the debt to re-pay the interest-free loan in six monthly installments beginning August 15, 1981. Container and Rhyne admit receiving the money and admit that no payments have been made, but allege they are entitled to a set-off because of their reliance on Goodson's oral promise to enter into a "factoring agreement" to make further advances. They further allege that the "factoring agreement" was never entered into and because of their reliance upon a letter of intent they were damaged and are entitled to a set-off.

The trial judge did not err in granting summary judgment. There was no genuine issue of material fact. All parties admit that a loan of $30,000 was made and has not been repaid. Container and Rhyne argue that their allegations of a right to a set-off created a genuine issue of material fact. The trial court considered the alleged agreement in making his final determination. Upon examining the documents, the trial judge concluded ". . . that all obligations of the documents flow from [Container and Rhyne] to [Goodson] and [Goodson] assumed no obligation therein . . ." We agree.

The documents involved here are clear and unambiguous. The general rule that the terms of a written instrument cannot be altered by parol testimony, *Proffitt v. Sitton*, 244 S. C. 206, 136 S. E. (2d) 257 (1964), is applicable here. The Letter of Intent which Container and Rhyne rely on does nothing more than state their own intent to enter an agreement with Goodson within thirty days. The arguments that the trial judge erred in granting summary judgment and in refusing to allow parol evidence is without merit. We affirm that portion of the trial judge's order which granted judgment for $30,000.

While we agree that the trial judge correctly granted summary judgment in keeping with the terms of the note, we hold that he erred in allowing interest at the legal rate from January 15, 1982, the date the last installment payment was due. In the Complaint, Goodson prayed for

"... the sum of Thirty Thousand ($30,000) Dollars together with interest at the legal rate of eight and three-quarters (8¾%) percent, ..." At the time of answering, Container and Rhyne moved to strike from the Complaint any reference to interest due at the rate of eight and three-quarters (8¾%) percent. The agreed "Statement of the Case," which is binding on all parties contains the following:

> Plaintiff's counsel did notify Defendant's counsel that he would agree to strike that portion of Plaintiff's Complaint referred to in the Motion to Strike by letter dated April 14, 1982.

Inasmuch as it has agreed that Goodson's attorney consented to strike any reference to a claim for interest, the same should not have been sought at the trial level. We hold that any claim to receive pre-judgment interest has been waived. We reverse that portion of the trial judge's order granting pre-judgment interest.

Affirmed in part and reversed in part.

NESS, GREGORY and HARWELL, JJ., and CURTIS G. SHAW, as Acting Associate Justice, concur.