**Sylvester H. PECK, Appellant,**

v.

**Cliff HOFF, Deputy Warden, Classification Board, Appellee.**

**No. 81–1646.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 23, 1981.

Decided Sept. 30, 1981.

---

372

Sylvester H. Peck, pro se.

Mark V. Meierhenry, Atty. Gen., Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, S. D., for appellee.

Before GIBSON, Senior Circuit Judge, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Sylvester H. Peck, an inmate at the South Dakota State Penitentiary, filed a *pro se*, in forma pauperis section 1983 civil rights complaint in the district court alleging that defendant Clifford Hoff, Deputy Warden and member of the South Dakota State Penitentiary Classification Board, violated his rights under the Equal Protection and Due Process Clauses. The violations are alleged to have occurred because Peck was denied trustee status and work in the prison industry shops by defendant Hoff. The district court[1] entered orders: (1) dis-

1. The Honorable Fred J. Nichol, United States Senior District Judge for the District of South Dakota.

missing the complaint pursuant to Fed.R. Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted and (2) establishing a pre-filing review procedure for any future pleadings Peck seeks to file in forma pauperis under 28 U.S.C. § 1915. Peck appeals from those orders and also asserts as error the district court's refusal to allow him to call witnesses at the hearing on the motions. We affirm.

In considering whether a *pro se* section 1983 complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted, all material allegations in the complaint must be accepted as true and liberally construed in favor of the plaintiff. *Barnes v. Dorsey*, 480 F.2d 1057, 1060 (8th Cir. 1973) (per curiam). We have carefully reviewed the complaint and agree that Peck has not stated a claim under the Equal Protection or Due Process Clause.

■ Peck's complaint, closely scrutinized but liberally construed, fails to allege that he or a class to which he belongs received treatment from the prison classification board which was invidiously dissimilar to that received by other inmates. *Burns v. Swenson*, 430 F.2d 771, 778 (8th Cir. 1970), *cert. denied*, 404 U.S. 1062, 92 S.Ct. 743, 30 L.Ed.2d 751 (1972). Without such an allegation there is no basis for an equal protection claim.

■ We also find no basis for a due process claim. It is well settled that in order to be entitled due process under the Fourteenth Amendment, there must be some legal entitlement, right or liberty interest that is protected under state or federal law. *Meachum v. Fano*, 427 U.S. 215, 223–24, 96 S.Ct. 2532, 2537–38, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). In *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the Supreme Court stated in regard to federal prisons that prisoner classification and eligibility for rehabilitative programs are matters delegated by Congress to the discretion of federal prison officials, and thus implicates "no legitimate statutory or constitutional entitle-

ment sufficient to invoke due process." *Id.* at 88, n. 9, 97 S.Ct. at 279, n. 9. In absence of a constitutional or federally created entitlement, any entitlement or right which Peck may have in the trustee or industry shop programs must be accorded to him by state law. *Jones v. Diamond*, 594 F.2d 997, 1015 (5th Cir. 1979).

A careful examination of the relevant state of South Dakota statutes, S.D. Codified Laws Ann., tit. 24 (1979) (Penal Institutions, Probation and Parole), reveals that its statutory scheme does not create a legal entitlement or right to trustee status or work in the prison industry shops. As such, Peck's allegations concerning trustee status and job assignments merely reflect an administrative classification issue upon which the inquiry of federal courts into prison management must be limited to the issue of whether a particular system violated any prohibitions of the Constitution. *See Bell v. Wolfish*, 441 U.S. 520, 562, 99 S.Ct. 1861, 1886, 60 L.Ed.2d 447 (1979). Finding no such violations, we hold the district court was correct in dismissing the complaint.

■ We turn now to the pre-filing procedure adopted by the district court in its order of June 11, 1981. It reads:

IT IS HEREBY ORDERED that the District Court for the District of South Dakota will refuse to accept for filing any pleadings from inmate Sylvester H. Peck without prepayment of the requisite filing fee, and to return to Inmate Peck any pleading seeking leave to file and/or proceed in forma pauperis under 28 U.S.C. § 1915, with the notation "applicable fee must be paid" and to send to Inmate Peck the current schedule of filing fees of this Court; except for those pleadings, if any, that specifically allege constitutional deprivation by reason of physical harm or threats thereof to Inmate Peck's person. In such cases, the Court may dismiss the Petition or Complaint without requiring a response, if, in the Court's judgment, the pleading is frivolous on its face or is malicious. It is further

ORDERED that Inmate Peck verify all pleadings ever submitted for filing to the United States District Court for the District of South Dakota and to include in every pleading a list of all causes previously filed on the same, similar or related action; and to include in every pleading a motion referring to this Court's opinion.

This Order does not prevent Inmate Peck from filing actions under 42 U.S.C. § 1983, but rather, limits his use of the cost-free privileges of filing actions under 28 U.S.C. § 1915.

Under 28 U.S.C. § 1915, a district court possesses wide discretion as to denying motions to proceed in forma pauperis in cases where a complaint is frivolous or where there is a patent lack of merit. *Boyce v. Alizaduh*, 595 F.2d 948, 951 (4th Cir. 1979); *Daye v. Bounds*, 509 F.2d 66, 68 (4th Cir.), cert. denied, 421 U.S. 1002, 95 S.Ct. 2404, 44 L.Ed.2d 671 (1975). This discretion, however, has not been adequate in many cases to prevent abuse by some prisoners of the privilege to proceed in forma pauperis. Thus, many courts faced with prison litigants who in bad faith consistently abuse the judicial process and privilege of litigating at public expense have adopted similar types of pre-filing review procedures restricting the availability of cost-free access to court. *See Graham v. Riddle*, 554 F.2d 133 (4th Cir. 1977); *West v. Procunier*, 452 F.2d 645 (9th Cir. 1971); *Carter v. Telectron, Inc.*, 452 F.Supp. 944 (S.D.Tex.1977).

■ The pre-filing review procedure at issue here was patterned after the one approved by this court in *Green v. White*, 616 F.2d 1054 (8th Cir. 1980). Although Peck's litigious history has not been as prolific as the inmate's in *Green, supra*, his abuse of in forma pauperis access to court is well documented.

The district court found, and Peck does not dispute, that he has filed sixteen actions in the District Court of South Dakota claiming alleged violations of his civil rights arising out of his confinement.[2]. To date all of the actions that have reached final determination have resulted in the dismissal of Peck's complaint. At least one complaint was dismissed on the sole ground that it was frivolous. In addition, a letter Peck sent to the South Dakota Attorney General's office stated that he had twenty-three more complaints to file.

It is obvious that the district court in the present case did not abuse its discretion in adopting a pre-filing review procedure for Peck's in forma pauperis complaints. It had experienced a number of meritless complaints filed by inmate Peck. When it entered its order of June 11, 1981, it had every reason to expect the pattern to continue, as indeed it did. However, the court's order does not bar Peck from bringing civil rights actions but rather limits his use of the cost-free privileges of filing under 28 U.S.C. § 1915.

■ Peck also asserts as error the district court's refusal to allow him to call witnesses at the hearing June 5, 1981, on defendant's motions to dismiss and to establish a pre-filing review procedure. This contention is without merit.

A motion to dismiss under Rule 12(b)(6) is the usual and proper method of testing the legal sufficiency of the complaint. *Bing v. General Motors Acceptance Corp.*, 237 F.Supp. 911 (E.D.S.C.1965); *see also* 5 C. Wright and A. Miller, Federal Practice and Procedure § 1356 (2d ed. 1981); 2A Moore's Federal Practice § 12.08 (2d ed. 1981). A motion to dismiss does not test the facts to support the claim. *Niece v. Sears, Roebuck & Co.*, 293 F.Supp. 792, 794 (N.D.Okla.1968). Therefore, the court is under no duty to admit matters outside of the pleadings. Witness testimony pertaining to either of the motions would have been irrelevant and a needless waste of judicial time and resources. Peck was given the opportunity to and did respond to all materials and arguments submitted by defendant in support of his motions. He was not entitled to a full blown evidentiary hearing.

Affirmed.

2. Subsequent to this action, Peck filed two more complaints under 42 U.S.C. § 1983 alleging civil rights violations arising out of his confinement after receiving orders granting leave to proceed in forma pauperis.