**Thomas Robert STIMAC, Plaintiff,**

v.

**DEPARTMENT OF The TREASURY, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS; Stephen E. Higgins, Director, B.A.T.F., Bob Pritchett, Chief, Disclosure, B.A.T.F., Defendants.**

**No. 83 C 1453.**

United States District Court,
N.D. Illinois, E.D.

April 16, 1984.

---

---

Thomas R. Stimac, pro se.

Norman B. Newman, Lord, Bissell & Brook, Chicago, Ill., for plaintiff.

Michael S. O'Connell, Asst. U.S. Atty., Chicago, Ill., for defendants.

1. Exemption 3, 5 U.S.C. § 552(b)(3), provides in full:

(b) This section does not apply to matters that are—

(3) specifically exempted from disclosure by statute (other than section 552b of this

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The plaintiff Thomas Robert Stimac ("Stimac"), presently incarcerated in the Federal Correctional Institution in Milan, Michigan, submitted a request under FOIA to the Bureau of Alcohol, Tobacco and Firearms ("ATF") for production of all documents maintained on him by the ATF. When such documents were not forthcoming, Stimac filed the instant action seeking a court order for their production. The defendants assert that the documents sought are exempt from disclosure pursuant to Exemption (j)(2) of the Privacy Act, 5 U.S.C. § 552a(j)(2), and pursuant to Exemptions 3 and 7(A) of FOIA, 5 U.S.C. §§ 552(b)(3) and (b)(7)(A). Presently pending before the Court is defendants' motion to dismiss and for summary judgment. For the reasons set forth below, the Court grants the motion for summary judgment.

▇ ATF contends that the records sought by Stimac are exempt from disclosure under Exemption 3 of FOIA. Exemption 3 bars access under FOIA to information "specifically exempted from disclosure by statute." [1] In *Shapiro v. Drug Enforcement Administration*, 721 F.2d 215, 223 (7th Cir.1983), *cert. granted*, — U.S. ——, 104 S.Ct. 1706, 80 L.Ed.2d 179, 180 (1984), the Seventh Circuit held that Exemption (j)(2) of the Privacy Act, 5 U.S.C. § 552a(j)(2), qualifies as a withholding statute within the meaning of Exemption 3 of FOIA. Inasmuch as Privacy Act Exemption (j)(2) is considered a statute as defined by FOIA Exemption 3, any record exempt from disclosure under Privacy Act Exemption (j)(2) is likewise exempt from disclosure under FOIA. The issue here therefore is whether the ATF can avail itself of

title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

the exemption from disclosure set forth under Exemption (j)(2) of the Privacy Act.

■ Exemption (j)(2) exempts from disclosure any system of records that is:

maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

Unlike FOIA exemptions, Exemption (j)(2) of the Privacy Act applies to whole systems of records. To qualify for exemption under Exemption (j)(2), a system of records must meet these preconditions: (1) it must be compiled for the purpose of criminal investigation; (2) it must be exempted by duly promulgated regulations issued by the agency claiming the exemption; and (3) it must be maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws. *See Shapiro*, 721 F.2d at 218.

According to the affidavit of Stephen E. Higgins, director of the ATF, the records the ATF maintains on Stimac are contained in three files, each of which is part of the Criminal Investigation Report System as described in 46 Fed.Reg. 16,496–97 (1981). The ATF has promulgated regulations pursuant to Exemption (j)(2) which exempt its Criminal Investigation Report System from access to individuals. 31 C.F.R. § 1.36(a) (1983). These regulations justify the exemption on the ground that access to such records would impair law enforcement efforts in ongoing criminal investigations. 31 C.F.R. § 1.26(a)(1)(B) (1983). The affidavits of Higgins and Richard L. Miller, a former Assistant United States Attorney, indicate that Stimac is the subject of an ongoing criminal investigation into the activities of the Outlaw Motorcycle Club. The record thus indicates that the system of records containing the ATF files sought by Stimac clearly meet the first two requirements necessary to qualify under Privacy Exemption (j)(2).

Stimac, however, argues that the ATF is not entitled to invoke Exemption (j)(2) because it does not meet the third requirement, that the agency perform as its principal function any activity pertaining to the enforcement of criminal laws. He notes that the ATF is divided into two basic functions: criminal enforcement and regulatory enforcement. Asserting that these functions are approximately co-equal, he contends that the ATF cannot avail itself of Exemption (j)(2) of the Privacy Act as its principal function is not strictly law enforcement.

The Court need not decide whether the ATF performs principally law enforcement activities. Exemption (j)(2) permits exemption of a system of records maintained by an "agency or component thereof." As presently organized, the ATF is comprised of four components: Office of Compliance Operations; Office of the Comptroller; Office of Laboratory Services; and Office of Law Enforcement (formerly Office of Criminal Enforcement). *See* 48 Fed.Reg. 57,560 (1983). The records at issue in this action are maintained by the Assistant Director of the Office of Law Enforcement. *See* 46 Fed.Reg. 16,497 (1981). As its title suggests, the primary function of the Office of Law Enforcement is to prevent and reduce criminal activities involving illicit use of alcohol, tobacco, firearms and explosives. Because the Privacy Act explicitly

permits a component of an agency to exempt a system of records from access if that component principally performs criminal law enforcement tasks, the Office of Law Enforcement could itself invoke Exemption (j)(2) to deny access to records it maintains even if the ATF could not.

■ The Court therefore finds that the ATF records sought by Stimac are exempt from disclosure under Exemption (j)(2) of the Privacy Act. Under *Shapiro*, the prevailing law in this Circuit, records exempt from disclosure under the Privacy Act are properly withheld under FOIA Exemption 3. Therefore, Stimac is without authority to compel disclosure under FOIA.

Accordingly, defendants' motion for summary judgment is granted, and this case is dismissed. It is so ordered.