**Tracy STRICKLAND, Plaintiff,**

v.

**J. DYER, C. Sloan, CO–I Tolbert, and Clifford Terry, Disciplinary Committee Members, and A.L. Lockhart, Director, Arkansas Department of Correction, Defendants.**

**No. PB–C–85–485.**

United States District Court, E.D. Arkansas, Pine Bluff Division.

Feb. 19, 1986.

Tracy Strickland, pro se.

Sandra Johnson Buchanan, Asst. Atty. Gen., Little Rock, Ark., for defendants.

### ORDER

HENRY WOODS, District Judge.

This case is pending before the Court on defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants have submitted various documents for the Court's consideration and the motion will be treated as one for summary judgment. *Carter v. Stanton*, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972).

Mr. Strickland, who was released from prison in October, 1985, contends that in March, 1985 he appeared before the disciplinary committee which found him guilty of violating Rule 14 (staying in his living quarters without permission when he was scheduled to work). This decision was affirmed by Assistant Warden Terry and Assistant Director Morgan. Petitioner disagrees with the decision and alleges in his complaint that he was deprived of due process and has sustained mental injuries as the result.

It is a well-settled proposition of law that the right of due process does not attach unless there is "some legal entitlement, right, or liberty interest that is protected under state or federal law." *Peck v. Hoff,* 660 F.2d 371, 373 (8th Cir.1981). The report of the disciplinary hearing reveals the committee recommended a reduction of two steps in class as Strickland's penalty for the rule violation. In Arkansas, classification of inmates is governed by Ark.Stat. Ann. § 46–120.3 (1985 Cum.Supp.) which establishes a classification committee and provides that "[i]nmates may be reclassified as often as the committee(s) deems necessary and/or in accordance with current Department regulations to carry out the purpose of this Act and to maintain good discipline and efficiency at the institutions." Thus state law does not protect plaintiff's right to any particular classification.

The United States Supreme Court stated in reference to federal prisons that prisoner classification was delegated by Congress to the discretion of prison officials and thus implicates "no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976) Therefore, no federally protected right exists in this situation.

Where a prisoner's complaints "merely reflect an administrative classification issue ... inquiry of federal courts ... must be limited to the issue of whether a particular system violated any prohibitions of the Constitution." *Peck v. Hoff,* 660 F.2d 371, 373 (8th Cir.1981).

No such violations exist and, therefore defendants are entitled to judgment as a matter of law.