Ann GREEN, Appellant,

v.

Ernest GREEN, Appellee.

Ramona BASS, Appellant,

v.

Larry BASS, Appellee.

Nos. 88–879, 88–880.

District of Columbia Court of Appeals.

Submitted July 12, 1989.
Decided Aug. 25, 1989.

---

7. He testified that the dresser was a gift and, therefore, he was unable to estimate its value.

Rhonda K. Dahlman and Ronald H. Davis, Neighborhood Legal Services Program, were on the brief for appellants.

No brief or appearance was entered for either appellee.

Before NEWMAN, STEADMAN, and FARRELL, Associate Judges.

NEWMAN, Associate Judge:

In these consolidated appeals, Ramona Bass (Bass) and Ann Green (Green) challenge a ruling of the trial court which permitted them to proceed *in forma pauperis* in their respective divorce actions only if each paid $20.00 court costs or posted security for the same. We reverse.

Bass and Green filed complaints for absolute divorce from their respective husbands on the grounds of one year of voluntary separation. Each accompanied her complaint with a motion to proceed *in forma pauperis*. Attached to each of the motions was an affidavit. Bass swore in her affidavit that her sole income is $298.00 per month in public assistance. She avers that she has no assets and that her liabilities are $3,000.00. Green avers in her affidavit that her sole income is $379.00 per month in public assistance for the support of herself and her two sons. She swore she had no assets and that her liabilities totaled $625.00. Bass and Green were represented in the trial court and are represented here by counsel from the Neighborhood Legal Services Program.

Judge Beaudin ruled in each case that the plaintiff "be and hereby is permitted to conduct said proceeding to its conclusion without prepayment of fees with the exception of a one-time payment of $20.00 or costs or security therefore." Bass and Green filed motions for reconsideration, citing to the decision in *Harris v. Harris*, 137 U.S.App.D.C. 318, 424 F.2d 806, *cert. denied*, 400 U.S. 826, 91 S.Ct. 50, 27 L.Ed.2d 55 (1970), and to D.C.Code § 15–712(b) (1981). That code section reads:

> *Any person who makes an affidavit as provided in subsection (a) and states therein that he or she receives public assistance under the District of Columbia Aid to Families With Dependent Children ... or receives assistance under Title XVI of the Social Security Act (Supplemental Security Income) (76 Stat. 197) shall be presumed eligible to proceed without prepayment of fees and costs or security therefor.*

(Emphasis added). Judge Beaudin denied the motions for reconsideration except that he permitted the required $20.00 to be paid on an installment plan. Bass and Green appealed to this court, moving here to proceed *in forma pauperis*. These motions were granted by this court without condition.

The authority of the courts of the District of Columbia to grant leave to proceed *in forma pauperis* is contained in D.C. Code § 15–712(a); it reads, specifically:

> Any District of Columbia court may *authorize the commencement, prosecution* or defense of any non-criminal suit, action or proceeding, or appeal therein, *without prepayment of fees and costs* or security therefor, including the fees for transcripts on appeal, *by a person who is unable to pay such costs or give security therefor without substantial hardship to himself or herself or his or her family*, as established by affidavit or other proof satisfactory to the court.

(Emphasis added). This statute effectuates the fundamental principle that every litigant should be provided equal access to the courts without regard to financial ability. *See generally Adkins v. Du Pont Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed.43 (1948) (construing the federal *in forma pauperis* statute); *Harris, supra*, 424 F.2d 806 (construing the predecessor of § 15–712(a) of the D.C.Code). Section 15–712(a) is buttressed by § 15–712(b), which creates a presumption that one whose income is from public assistance is entitled to proceed *in forma pauperis*.

There is nothing in this record to rebut the presumption created by § 15–712(b). Nor does Judge Beaudin's order suggest anything in this regard. Perhaps he may have been relying upon the $14.00 and $12.00 per month "surplus" that the financial statements of Green and Bass showed. Nevertheless, the financial facts in these cases are not meaningfully distinguishable from those in *Harris, supra,* 424 F.2d 806, a case cited to Judge Beaudin which was decided by the United States Court of Appeals in 1970, over nineteen years ago. *Harris* is binding on the trial court, as it is on this court. *See M.A.P. v. Ryan,* 285 A.2d 310 (D.C.1971). Likewise, the financial facts in this case are not meaningfully distinguishable from those we dealt with in *Cabillo v. Cabillo,* 317 A.2d 866 (D.C.1974), where, over fifteen years ago, citing to *Harris, supra,* 424 F.2d 806, and *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (due process clause guarantees access to courts in divorce proceeding to indigent litigants), we reversed another trial judge's denial of a motion to proceed *in forma pauperis.* On authority of *Harris* and *Cabillo,* we do so again.

*Reversed.*