917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas Robert STIMAC, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF JUSTICE, Agent Conway, Agent
Fincher, et al., Defendants-Appellees.
 No. 88-2655.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1990.*
Decided Nov. 2, 1990.
Rehearing and Rehearing En Banc Denied Dec. 18, 1990.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se plaintiff appellant Thomas Stimac has been a busy litigant in this court since his conviction for conspiracy to kidnap, kidnapping, conspiracy to violate the Mann Act, and unlawful use of firearms in 1983. See United States v. Hattaway, 740 F.2d 1419 (7th Cir.1984) (direct criminal appeal); Stimac v. Drug Enforcement Administration, No. 83-3142 (7th Cir. Mar. 20, 1984) (appeal dismissed for failure to pay docketing fee and in forma pauperis request denied because appeal is frivolous); Stimac v. Treasury Department, Bureau of Alcohol, Tobacco and Firearms, No. 84-1711 (7th Cir. Oct. 18, 1984) (Dismissing appeal for lack of prosecution); Stimac v. United States, No. 86-1940 (7th Cir.1987) (Sec. 2255 action); Stimac v. Treasury Department, Bureau of Alcohol, Tobacco and Firearms, No. 88-1475 (7th Cir. March 16, 1989) (dismissal on basis of res judicata affirmed in action seeking documents relating to Rita and Thomas Stimac, and Martin Curran); Stimac v. United States, No. 89-1403 (7th Cir. May 23, 1990) (dismissal of frivolous appeal in Sec. 2255 case); Stimac v. United States, No. 90-1091 (7th Cir. Feb. 6, 1990) (appeal voluntarily withdrawn in Sec. 2255 case); see also Stimac v. Department of the Treasury, 586 F.Supp. 34 (N.D.Ill.,1984) (dismissing Freedom of Information Act action); Stimac v. Treasury Department, Bureau of Alcohol, Tobacco and Firearms, Nos. 84-3348 and 84-3506 (D.D.C.1986) (suits seeking documents relating to defendants Rita Stimac and Martin Curran); Stimac v. Treasury Department, Bureau of Alcohol, Tobacco and Firearms, No. 85-8423 (N.D.Ill.1986) (seeking the same documents previously sought in FOIA action); Stimac v. A.T.F. Agent Richard Paul et al., No. 86 C 4767 (N.D.Ill. Aug. 6, 1986) (denial as frivolous of motion for leave to file, in forma pauperis, civil rights action against various law enforcement officers). Apart from the present case, Stimac has two other cases pending on appeal. Stimac v. United States, No. 90-2936 (Sec. 2255 case); Stimac v. United States, No. 88-2720 (Sec. 2255 case). This list is not exhaustive.
 
 
 2
 Stimac is now in this court again seeking relief from his problems. We not only affirm the decision of the district court, but enjoin Stimac from filling future repetitious and frivolous actions.
 
 I. Background
 
 3
 Stimac alleges that in 1982 the federal defendants initiated a conspiracy to convict him of kidnapping. This alleged conspiracy included phony documents, illegal search warrants, suppression of exculpatory evidence, and even supplying drugs to a government witness. Also Stimac alleges that the government submitted false information to the courts and the United States Judiciary Committee, prepared a false presentence investigation report, prevented the disclosure of documents under the Freedom of Information Act and the Privacy Act, filed other false documents and perjured affidavits in a number of actions.
 
 
 4
 Stimac seeks declaratory and injunctive relief and damages against various federal, state and private defendants alleging jurisdiction pursuant to 5 U.S.C. Sec. 552a(g) (Privacy Act), 28 U.S.C. Sec. 1331, 18 U.S.C. Sec. 1964 (Racketeer Influenced and Corrupt Organizations Act--RICO), and 42 U.S.C. Secs. 1983 and 1985. The defendants include four federal agencies (the United States Department of Justice, the United States Department of Treasury, the Bureau of Alcohol, Tobacco and Firearms and the United States Immigration Service), twelve federal officials, the Canadian government, the Illinois Department of Law Enforcement, the Cook County Sheriff's Police Department, the Chicago Police Department and various state and local officials. According to Stimac these defendants have violated his rights under the First, Fourth, Fifth, Sixth and Eighth Amendments.
 
 
 5
 The case was originally assigned to Judge Bua but reassigned to Judge Norgle, at Judge Bua's suggestion, because it appeared to involve the same parties and subject matter as Stimac v. A.T.F. Agent Richard Paul, No. 86 C 4767 (N.D.Ill. Aug. 6, 1986), which Judge Norgle had dismissed as frivolous. Judge Norgle granted various motions to dismiss in the present case and sua sponte dismissed the remaining defendants.
 
 II. Analysis
 
 6
 First we note that most of Stimac's claims are time barred. In Illinois, all plaintiffs whose section 1983 cause of action accrued before the Supreme Court's decision in Wilson v. Garcia, 471 U.S. 261 (1985), must file suit within the shorter period of either five years from the date the action accrued or two years after Wilson. Kalimara v. Illinois Dept. of Corrections, 879 F.2d 276, 277 (7th Cir.1989); Anton v. Lehpamer, 787 F.2d 1141, 1146 (7th Cir.1986). The latest event Stimac alleged occurred on March 31, 1982. The statute of limitations ran on March 31, 1987, and Stimac filed suit on November 3, 1987. His civil rights claims, including his Bivens actions, are time barred. See Beard v. Robinson, 563 F.2d 331, 334 (7th Cir.1977) (civil rights statute of limitations applies to Bivens cases), cert. denied, 438 U.S. 907 (1978).
 
 
 7
 Stimac's RICO action is also time barred. A four year statute of limitations is applicable to RICO claims. Agency Holding Corp. v. Malley-Duff and Assoc., 483 U.S. 143, 156 (1987); see also McMahon v. Pennsylvania Life Ins. Co., 891 F.2d 1251, 1253 (7th Cir.1989). The alleged RICO violations occurred between May 1981 and November 5, 1982. The statute of limitations ran one year before Stimac filed suit.
 
 
 8
 Stimac's action regarding the Privacy Act is barred by res judicata. In this action Stimac seeks the same records that he sought pursuant to a FOIA request which has been fully litigated several times. In Stimac v. Department of Treasury, Judge Aspen ruled that Stimac was not entitled to documents sought pertaining to him because the records could not be disclosed under an exemption to the Privacy Act. 586 F.Supp. at 37. Judge Marshall dismissed another Stimac action noting that Stimac had all the documents to which he was entitled. Stimac v. Treasury Department, Bureau of Alcohol, Tobacco and Firearms, No. 85 C 8423 (N.D.Ill. June 6, 1986). Judge Holderman dismissed another Stimac action seeking documents relating to Rita Stimac, Martin Curran and Thomas Stimac, and this court affirmed on the basis of res judicata. Stimac v. Treasury Department, Bureau of Alcohol, Tobacco and Firearms, No. 88-1475 (7th Cir. Mar. 16, 1989), and No. 87 C 4005 (N.D.Ill. Jan. 14, 1988). Stimac is making the same allegations in this case and they are barred. See United States v. Monroe, 901 F.2d 610 (7th Cir.1990).
 
 
 9
 Regarding the validity of the search warrants, this issue is foreclosed by the doctrine of collateral estoppel. Stimac addressed this issue at several points during his criminal case and received a full suppression hearing. In a Sec. 2255 action, he also has already raised the fact that he was unaware that at trial a key government witness had signed a contingency contract to provide information during the case. Judge Aspen denied relief and this court dismissed Stimac's motion as frivolous. See Stimac v. United States, No. 86-1940 (7th Cir.1987).
 
 
 10
 The federal prosecutors in this case were entitled to absolute immunity for acts based upon their performance. Butz v. Economou, 438 U.S. 478, 508 (1978); see also Burns v. Reed, 894 F.2d 949, 956 (7th Cir.1990). Probation officers are also absolutely immune for actions such as preparing a presentence report, which is a quasi-judicial function. Spaulding v. Nielsen, 599 F.2d 728, 729 (5th Cir.1979).
 
 
 11
 The court did not err in dismissing Stimac's action as completely frivolous as a matter of both fact and law in accordance with 28 U.S.C. Sec. 1915(d). The court did not abuse its discretion in staying discovery requests which focused on occurrences surrounding his 1982 conviction or in refusing to allow him to amend his complaint given the defenses of statute of limitations, res judicata, collateral estoppel and judicial immunity. The district court properly dismissed the City of Chicago and the Cook County Sheriff's Police Department because Stimac failed to name the City in the complaint, naming only the Chicago Police Department. See Fed.R.Civ.P. 17(b).
 
 
 12
 Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. In re McDonald, 109 S.Ct. 993 n. 8 (1989) (quoting In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir.1984)). Also a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court. Chipps v. U.S. District Court, 882 F.2d 72, 73 (3d Cir.1989). Although courts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a prisoner's constitutional right of access to the courts, well crafted pre-filing procedures do not unduly restrict access to the courts. In re Davis, 878 F.2d 211, 212 (7th Cir.1989); Peck v. Hoff, 660 F.2d 371, 374 (8th Cir.1981); Procup v. Strickland, 792 F.2d 1069, 1072 (11th Cir.1986) (en banc). It is toward that end that we impose an injunction. This order is meant to accommodate Stimac's right to adequate, meaningful access to the courts of this circuit while at the same time safeguarding the court's efficient allocation of its limited resources. It allows for a threshold review of all of Stimac's filings to ensure that those filings are neither duplicative nor frivolous. Violation of the terms of this injunction may lead to a finding of contempt and may result, for example, in a monetary penalty on funds held in Stimac's prison trust fund account.
 
 III. Conclusion
 
 13
 The decision of the district court dismissing the action is AFFIRMED.
 
 
 14
 IT IS FURTHER ORDERED that Thomas Robert Stimac is prohibited from filing any civil action in any district court of this Circuit or any petition or appeal with this court without first obtaining leave of the appropriate court. In seeking leave of court, Mr. Stimac must certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court and that the claim is not frivolous. Upon failure to certify or upon false certification, petitioner may be found in contempt of court and punished accordingly. Any suit or action filed by Robert Thomas Stimac in any federal district court of this circuit must be accompanied by a copy of this injunction and a list of all previous cases filed on the same, similar or related actions. See Green v. White, 616 F.2d 1054, 1055 (8th Cir.1980).
 
 
 15
 IT IS FURTHER ORDERED that any notice of appeal or petition for relief in this court must be (1) accompanied by the required certification that the issues involved have not been previously raised in federal court and (2) accompanied by a copy of the district court order granting leave to proceed in that court. The clerk of this court is directed not to file any appeal or petition of Robert Thomas Stimac which does not comply with this order.
 
 
 16
 The clerk of this court is further directed to send a copy of this order to the Chief Judge and the clerk of each district court in the circuit to ensure that further filings by Stimac are made in strict compliance with this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record