980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Carl HAMM, Appellant,
v.
A.L. LOCKHART, Director, ADC; sued as Art L. Lockhart;
Robert S. Clark, Hearing Officer Administrator, Varner Unit,
ADC; Willis Sargent, Warden, Varner Unit, ADC; Arthur J.
Hall, Major, Varner Unit, ADC; James Duke, Hearing Officer,
Varner Unit, ADC, Appellees.
 No. 92-1724.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 10, 1992.
Filed: November 18, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carl Hamm, an Arkansas prisoner, appeals the magistrate judge's[1] dismissal of his 42 U.S.C. § 1983 action claiming denial of due process. We affirm.
 
 
 2
 Hamm filed a complaint naming as defendants Art L. Lockhart, Director of the Arkansas Department of Correction (ADC); Hearing Officer Administrator Robert S. Clark; Warden Willis Sargent; Major Arthur J. Hall; and Hearing Officer James Duke. He alleged that Cummins Unit officials, acting upon information that inmate clerks assigned to the front office were using marijuana, subjected each clerk to a urinalysis. Before the results were obtained, the urinalysis log book was stolen. Prison officials placed all the clerks in segregation pending investigation, and someone, responding to official pressure, incriminated Hamm. Hamm alleged that he was then given a polygraph test without being informed of his rights; afterward, he was not given a copy of the polygraph results as required by prison regulations but instead was told that the examination was a confidential report and that he had been deceptive on the test. Hamm alleged that Hall gave him a disciplinary and Duke conducted a hearing, finding him guilty based on the test results and an interview report by Alex Finger, the state police investigator who administered the test. Hamm claimed, inter alia, that defendants denied him a fair hearing and impartial appeals and denied him access to the evidence used to convict him.
 
 
 3
 Defendants moved for summary judgment, claiming that there was more than "some evidence" to support the disciplinary decision. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). They submitted copies of three reports. According to Finger's pre and post-test interview report, before the test Hamm denied any knowledge of the theft and stated "[s]omebody said I paid a cop and some said I paid Johnson some money, a lot of money, and I haven't." After the test was administered and "Hamm was advised that he was deceptive on the test," Hamm admitted that he had given another inmate two cartons of cigarettes to "take care of" his urinalysis.
 
 
 4
 According to the disciplinary report, Hamm was charged-on the basis of his deception on the polygraph and his admission regarding the cigarettes-with having violated Rule 13-1 by deliberately giving misinformation in the course of an official investigation and with having violated Rule 15-2 by asking, coercing or offering inducement to anyone to violate department policy and procedure or inmate rules and regulations. According to the hearing report, Hamm was found guilty because he had admitted to Finger that he had given cigarettes to get his urinalysis results "taken care of" and because he was "found to be deceptive on the polygraph test."
 
 
 5
 Hamm responded that defendants had violated due process rights created by the state through administrative regulations. He cited Administrative Regulation (AR) 014(C)(5)(e)(4), which states that the ADC "shall furnish the [polygraph examination] subject with exactly the same report that it received regarding the results of the examination." He noted that he had made several requests for the report and was told that it was part of a confidential investigation. Hamm also cited AR-014(C)(5)(e)(2), which states that the scope of the polygraph examination "shall be limited to the incident under investigation" and "[a] list of all questions asked must be incorporated in the report of the examiner." In a supplemental complaint, Hamm alleged that although he has never been charged with theft or allowed to defend against such a charge, prison officials continue to inform classification committees that his status is a result of his being involved in the theft of the urinalysis log. Defendants moved to dismiss the amended complaint because Hamm had no liberty interest in a particular classification.
 
 
 6
 The magistrate judge granted defendants summary judgment on the original complaint and dismissed the amended complaint. On appeal, Hamm claims violation of his constitutional rights, as well as rights under the Arkansas regulations. Hamm claims that without the polygraph results and its fruits, there was no evidence to support his disciplinary. Hamm argues that the mandatory language of AR-014(C)(5)(e)(4) creates a protected interest and places a duty on defendants under Clark v. Brewer, 776 F.2d 226, 230 (8th Cir. 1985), and Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979), and that his protected rights under Arkansas law go beyond the requirements set forth in Wolff v. McDonnell, 418 U.S. 539 (1974).
 
 
 7
 Even if AR-014 created a protected interest through mandatory language and specific substantive predicates for polygraph use, see Hewitt v. Helms, 459 U.S. 460, 471-72 (1983), this does not elevate the state regulation to the level of federal constitutional law, but merely directs the inquiry to "whether the process afforded plaintiff 'satisfied the minimum requirements of the Due Process Clause.' " Brown v. Frey, 889 F.2d 159 (8th Cir. 1989) (quoting Hewitt, 459 U.S. at 472), cert. denied, 493 U.S. 1088 (1990). We conclude that Hamm's disciplinary proceedings generally satisfied the due process requirements delineated in Wolff. Although Hamm alleged that he was denied access to the evidence used to convict him, he has not shown prejudice from this deprivation, as more fully explained below.
 
 
 8
 Due process requires that a disciplinary decision be supported by "some" evidence. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). No evidence of the actual polygraph examination was introduced at the disciplinary hearing or included in the record before this court. The disciplinary and hearing reports clearly show that Hamm's "deception" on the polygraph was the sole basis for finding him guilty of violating Rule 13-1. Without evidence of the polygraph, the Rule 13-1 violation was not supported by any evidence. On the other hand, violation of Rule 15-2 was supported by some evidence, i.e., Finger's interview report stating that Hamm admitted giving cigarettes to another inmate to "take care of" his urinalysis. Hamm has not indicated how the outcome of the hearing would have differed had he been given a copy of this interview report. The disciplinary sanctions Hamm received for the combined violations fall within the range of penalties which could have been imposed for violating Rule 15-2 alone. See AR-831(VI)(G)(1). Thus, because the entire penalty can be attributed to the valid Rule 15-2 violation, Hamm was not prejudiced by defendants' failure to provide him with the polygraph report.
 
 
 9
 As to Hamm's claims of continued denial of reclassification, classification of prisoners involves no constitutional or federal statutory rights sufficient to implicate due process. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Arkansas law commits prisoner classification to the discretion of prison officials, Ark. Code Ann. § 12-29-202(e) (Michie Supp. 1991), and does not protect an inmate's right to any particular classification or raise due process concerns. See Strickland v. Dyer, 628 F. Supp. 180 (E.D. Ark. 1986). Hamm's conclusory allegations regarding deficiencies in the appeals process do not warrant discussion. His remaining arguments are also without merit.
 
 
 10
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, entering judgment with the written consent of the parties pursuant to 28 U.S.C. § 636(c)