**In re Wojceich M. TURKOWSKI.**

**No. 99–CV–1302.**

District of Columbia Court of Appeals.

Dec. 9, 1999.

---

Wojceich M. Turkowski filed the appeal pro se.

Before STEADMAN and GLICKMAN, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Appellant Wojceich M. Turkowski filed this appeal seeking review of a trial court order denying his motion to proceed *in forma pauperis* in conjunction with an application to change his name. The trial court denied the motion to proceed *in forma pauperis* on the grounds that there was "no legal necessity for change of name at public expense." Appellant noted an appeal and filed a motion to proceed *in forma pauperis* in this court, which we construe as a motion seeking summary reversal.[1]

D.C.Code § 15–712(a) (1999 Supp.) provides that District of Columbia courts "may authorize the commencement, prosecution or defense of any noncriminal suit, action or proceeding, or appeal therein, without prepayment of fees and costs or security therefor ... by a person who is unable to pay such costs or give security therefor without substantial hardship to himself or herself or his or her family, as established by affidavit or other proof satisfactory to the court." In *Green v. Green,* 562 A.2d 1214, 1215 (D.C.1989), this court noted: "This statute effectuates the fundamental principle that every litigant should be provided equal access to the courts without regard to financial ability." In order to qualify for *in forma pauperis* status, the litigant does not have to be absolutely destitute, but must file a motion and affidavit stating that "one cannot because of his poverty pay or give security for the costs." *Harris v. Harris,* 137 U.S.App.D.C. 318, 322, 424 F.2d 806, 810 (quoting *Adkins v. E.I. DuPont de Nem-*

---

1. Appellant attached all relevant pleadings filed in the trial court. As those pleadings and the trial court's order would comprise the appellate record, this court was able to fully consider the issue at hand.

*ours & Co.,* 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948)), *cert. denied,* 400 U.S. 826, 91 S.Ct. 50, 27 L.Ed.2d 55 (1970).[2] In this instance, appellant would qualify for *in forma pauperis* status based upon the affidavit submitted.

■ The "obvious intent of the indigency statute is to make available to the indigent, in common with his fellow citizen, the full range of civil remedies contrived by court or legislature ...." *Harris, supra,* 137 U.S.App.D.C. at 322–23, 424 F.2d at 810–11. In *Lewis v. Fulwood,* 569 A.2d 594 (D.C.1990), the trial court denied a motion for leave to proceed *in forma pauperis* on the ground that the statute "does not require the court to waive costs in order to allow the filing of a purely frivolous civil action." We summarily reversed, ruling that the statute "does not provide for the denial of *in forma pauperis* status based upon the lack of merit of the underlying action." 569 A.2d at 595. Rather, we said, if the complaint is frivolous, the trial court should subsequently dismiss it upon proper application. Thus, we severed consideration of the *in forma pauperis* application from appropriate forms of relief available in any court action regardless of the party's financial status.[3]

■ Likewise, in the matter before us, the trial court erred in considering the legal necessity of appellant's name change as a basis for denying appellant's application to proceed *in forma pauperis.* In essence, the court must grant the request for *in forma pauperis* status if a proper application is made,[4] and, having done so, thereafter treat the case as any other, including, of course, any appropriate dispositive actions.[5]

Consequently, the trial court's order is hereby summarily reversed and the trial court shall enter an order granting the motion to proceed *in forma pauperis.* The granting of such motion allows appellant to proceed in this matter without prepayment of fees and costs to the Superior Court. However, it is another matter whether the court will incur the costs of publication. *See* D.C.Code § 16–2502 (1997).[6] We decline to reach that issue on the record presently before the court. *See Harris, supra,* 137 U.S.App.D.C. at 325, 424 F.2d at 812; *see also In re Holmes,* 112 Daily Wash. L. Rptr. 277 (D.C.Super.Ct. January 6, 1984). *Cf., e.g., Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

*So ordered.*

2. The Superior Court and this court provide a form affidavit that requires information including the wages earned in the litigant's last employment, any business income during the last twelve months, the value of any cash and bank accounts and an itemization of real estate, stocks, bonds, notes, automobiles or other valuable property. These factors assist the court in determining whether paying costs would cause a substantial hardship upon the litigant.

3. The court thus effectively interpreted the word "may" in the statute as addressing the trial court's discretion in determining whether the applicant met the requirements for *in forma pauperis* status. Cf. the comparable federal statute, which provides that "the court ... may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d).

4. The trial court is not without power to take appropriate steps in the event that the privilege of proceeding *in forma pauperis* is abused. *See, e.g., Jones v. ABC–TV,* 516 U.S. 363, 116 S.Ct. 870, 134 L.Ed.2d 1 (1996); *Peck v. Hoff,* 660 F.2d 371, 372 (8th Cir.1981).

5. The statute authorizing an application for a change of name provides that the trial court "upon a showing that the court deems satisfactory ... may change the name of the applicant according to the prayer of the application." D.C.Code § 16—2503 (1997).

6. That section states: "Prior to a hearing pursuant to this chapter, notice of the filing of the application, containing the substance and prayer thereof, shall be published once a week for three consecutive weeks in a newspaper in general circulation published in the District."